EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

HEARST CORPORATION, SEATTLE POST–INTELLIGENCER DIVISION, et al., Defendants-Appellees.

No. 75–1123.

United States Court of Appeals, Ninth Circuit.

June 30, 1976.

As Amended April 20, 1977.

its curative procedures were inadequate- and the due process violation undissipated.

Lutz Alexander Prager, Atty., EEOC, San Francisco, Cal., argued, for plaintiff-appellant.

David B. Goldstein, Seattle, Wash., argued, for defendants-appellees.

Before CHAMBERS and GOODWIN, Circuit Judges, and SWEIGERT,* District Judge.

PER CURIAM:

This civil action is brought by EEOC against Post-Intelligencer pursuant to Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq., as amended.

The appeal is from a District Court order dismissing the complaint, which was for injunctive relief, insofar as it alleged discrimination against women and discrimination against minority groups upon the ground that the original EEOC charge by a white male alleged only discrimination against him.

The main question is whether and, if so, to what extent a civil action, brought by EEOC under 42 USC § 2000e–5, may include kinds of discrimination not included in

* The Honorable William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

the private charge which initiated the EEOC investigation and eventual civil action.[1]

Pending submission of this appeal, this court rendered its opinion in *EEOC v. Occidental,* 535 F.2d 533 (9th Cir. 1976). In that case, a Title VII suit by EEOC against Occidental, EEOC alleged discrimination against male employees. Occidental moved that the complaint be dismissed as to this allegation on the ground that the original charge, filed with EEOC by a female, alleged only discrimination against her because of her sex.

The District Court granted the motion but this court reversed, citing and following *EEOC v. General Electric,* 532 F.2d 359, (4th Cir. 1976); *EEOC v. Huttig,* 511 F.2d 453, 455 (5th Cir. 1975) and *EEOC v. Kimberly-Clark Corp.,* 511 F.2d 1352, 1363 (6th Cir. 1975).

These cases are to the effect that, so long as discovery of the new discrimination arises out of the reasonable investigation of the charge filed, it can be the subject of an EEOC "reasonable cause" determination to be followed by an EEOC offer of conciliation and, if conciliation fails, by a civil suit—without the filing by EEOC of a separate charge on the new claim.

In other words, the original charge is sufficient to support EEOC administrative action, as well as an EEOC civil suit, for any discrimination stated in the charge itself or discovered in the course of a reasonable investigation of that charge, provided such additional discrimination was included in the EEOC "reasonable cause" determination and was followed by compliance with the conciliation procedures of the Act.

Our court noted, however, that it was not departing from our decision in *Oubichon v.*

*North American,* 482 F.2d 569 (9th Cir. 1973)—a private Title VII suit, holding in effect that, when an employee seeks judicial relief for incidents not listed in his original EEOC charge, the judicial complaint may encompass any discrimination "like or reasonably related to the allegations of the EEOC charge . . . ."

It will be noted that in the pending case, although the original charge alleged only discrimination against males, the EEOC findings, based on evidence revealed during its investigation, included discrimination, not only as to males, but also as to females and members of minority groups; that Post-Intelligencer was formally notified of these findings and, upon its exceptions to them, EEOC issued its Determination of Reasonable Cause and proceeded to conciliation efforts with Post-Intelligencer on all the issues; that conciliation failed and the EEOC eventually filed this action.

The pending case is, therefore, similar to *EEOC v. Occidental, supra,*—except in the one respect that here one of the new EEOC findings involves minority discrimination.

However, we regard *EEOC v. Occidental* as broad enough to allow minority discrimination if it arises out of a reasonable investigation of the charge filed. This is clear from the court's notation that in private actions, such as *Oubichon,* a narrower rule requires that the allegations must be "like or reasonably related to" the allegations of the original charge.

No such limitation applies in the case of EEOC civil actions because, as clearly indicated in *EEOC v. Occidental,* EEOC is a public agency seeking vindication of public rights and, as such, could have, itself, brought a separate administrative charge

1. Appellee challenges the appealability of the order of dismissal. However, since the 1972 amendments to Title VII, 42 USC 2000e–5, gave EEOC the right to sue or intervene as a matter of right this case is governed by *Spangler v. United States,* 415 F.2d 1242 (9th Cir. 1969), holding that dismissal of a complaint for injunctive relief, or part thereof, is in effect denial of injunctive relief and is appealable under 28 USC 1292(a)(1). See also, *Price v. Lucky Stores,* 501 F.2d 1177, 1179 (9th Cir. 1974).

We also note that the record here shows no separate judgment entered pursuant to Fed.R. Civ.P. 58 and 54(a). However, the point has not been raised by the parties on this appeal. We conclude that under the circumstances of this particular case a remand for correction of this defect would be neither necessary nor justified. See, *Hamilton v. Nakai,* 453 F.2d 152, 155 (9th Cir. 1972).

upon race discrimination based upon information reasonably acquired in connection with an original sex discrimination charge.

We agree with *EEOC v. Occidental* that to require EEOC to pursue that route, rather than to allow it to include the new charge in its "reasonable cause" determination, its conciliation proceedings and in its eventual suit, would be to champion form over substance—at least where, as in both *EEOC v. Occidental* and here, the defendant has received adequate notice of the new charge during the administrative proceedings.

For the foregoing reasons, the order of the District Court (which we realize was made before this court's decision in *EEOC v. Occidental*) is reversed and the case is remanded for further proceedings in accordance with this opinion.