Anton J. MILLER, Plaintiff-Appellant,

v.

Helen DeLAUNE, Defendant-Appellee.

No. 76–2660.

United States Court of Appeals,
Ninth Circuit.

April 30, 1979.

Anton J. Miller, in pro. per.

William S. Estabrook, Dept. of Justice, Washington, D. C., for appellee-respondent.

Before KOELSCH and ELY, Circuit Judges, and VAN PELT,* District Judge.

PER CURIAM:

Anton Miller, an attorney proceeding *pro se*, appeals from the dismissal of his amended complaint for failure to state a claim. The amended complaint essentially alleged, albeit with much confusion, that as a result of blackmail, fraud and intimidations by the appellee, an official of the Internal Revenue Service, acting by herself or in concert with others, the appellant forwarded or delivered a certain sum of money to the Internal Revenue Service which was purportedly owing on his tax liability. It was also alleged that the payment was wrongly deposited in

violation of an oral trust and credited to the United States Treasury. The appellant claims a violation of his rights under the Fifth Amendment of the Constitution as well as under state tort law. The complaint prayed for money damages.

It appears that the District Court's dismissal was predicated primarily upon the determination that the appellee was absolutely immune from this damage suit because her actions were within the outer perimeter of her line of duty. *See Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). We deferred decision of this appeal, awaiting the Supreme Court's decision in *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In light of that decision, we now consider the extent of appellee's immunity as to (1) appellant's constitutional claims, and (2) appellant's state tort law claims.

*Constitutional Claims*

■ In the circumstances of this case, appellee is entitled only to a *qualified* immunity insofar as her official actions may have violated the constitutional rights of appellant. *See Butz v. Economou, supra; Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975). Appellant's amended complaint alleges facts that could show that appellee's conduct was neither reasonable nor in good faith. While appellee may properly assert the qualified immunity applicable here, "[a] defense of official immunity . . . raises issues of fact which cannot be resolved at the pleading stage." *Thomas v. Younglove*, 545 F.2d 1171, 1173 (9th Cir. 1976). Thus, the District Court erred in dismissing the complaint insofar as it was based upon the appellant's Fifth Amendment claim.

*State Tort Law Claims*

■ Appellant's complaint also alleged that appellee was liable under state tort law. The *Butz* opinion explicitly limited its immunity holding to those situations involv-

* Honorable Robert Van Pelt, United States District Judge, District of Nebraska, sitting by designation.

ing constitutional violations. *See Butz v. Economou, supra,* 98 S.Ct. at 2905 n. 22. While the distinction has been criticized,[1] we believe that current law compels the conclusion that a Government official such as the appellee here, acting within the outer perimeter of his or her line of duty, is absolutely immune from state or common-law tort liability. *See Barr v. Matteo, supra; Spalding v. Vilas,* 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896). *See also Howard v. Lyons,* 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); *Birnbaum v. United States,* 588 F.2d 319 (2d Cir. 1978); *Granger v. Marek,* 583 F.2d 781 (6th Cir. 1978); *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978); *Berberian v. Gibney,* 514 F.2d 790 (1st Cir. 1975); M. Freed, *Executive Official Immunity for Constitutional Violations,* 72 Nw.U.L.Rev. 526, 543–551 (1977). The District Court appropriately dismissed the complaint to the extent that it was based upon state tort law claims.

AFFIRMED in part, REVERSED in part, and REMANDED.

1. *See, e. g., Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 2916–23, 57 L.Ed.2d 895 (Rehnquist, J., dissenting); *Granger v. Marek,* 583 F.2d 781, 786–87 (6th Cir. 1978) (Merritt, J., dissenting).