**Eva GASKILL, Mary Torres, Edith Volker, Lupe Gutierrez and Virginia Alexander, Plaintiffs,**

v.

**Russell SPECTER, Esq., Stephen P. Passek, Esq., and Does I, II, III and IV, Defendants.**

**Civ. No. 79–4462–WMB.**

United States District Court, C. D. California.

Nov. 14, 1980.

---

Richard Hawkins, Hawkins & O'Connell, Santa Ana, Cal., for plaintiffs.

Alan Lazar, Long & Levit, Los Angeles, Cal., for defendants.

WM. MATTHEW BYRNE, Jr., District Judge.

The issue presented by this motion to dismiss is whether an attorney employed by the Equal Employment Opportunities Commission ("EEOC"), while acting in that official capacity, is absolutely immune from state or common law tort liability.

The five plaintiffs in this suit were all members of the plaintiff class in a prior Title VII action against Farmers Group, Inc. and related entities. *Taberoff v. Farmers Group, Inc.*, CV 74–1108–WPG

(C.D.Cal.) ("*Taberoff*"). The class was represented by Russell Specter, among others. The EEOC intervened as a plaintiff in that action, represented by Stephen P. Passek, who was then employed by the EEOC.

This action seeks damages against Mr. Passek and Mr. Specter for breach of their fiduciary duty in the handling of the *Taberoff* case. Specifically, plaintiffs allege that these attorneys "took active steps to deprive" plaintiffs of their right to participate in the settlement fund created in the *Taberoff* case. The plaintiffs had filed claims after the expiration of the time limits set forth in the *Taberoff* settlement agreement. Mr. Passek, along with other attorneys in the *Taberoff* case, determined that these claims were late and would not be paid. Plaintiffs then requested permission of the court to file their late claims, but the court denied the motion.[1]

This case was originally filed in California Superior Court, but defendant Passek removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), alleging that at all times relevant he was an officer of the United States. The propriety of removal has not been challenged.

Passek now moves to dismiss this action as to him on the grounds that he is absolutely immune from liability for state or common law torts, such as breach of fiduciary duty, while acting in an official capacity as attorney for the EEOC.

For the purpose of this motion, the court will assume, without deciding, that there may be some state or common law fiduciary duty running from an attorney representing the EEOC as a plaintiff to members of the plaintiff class who stand to benefit if

---

**1.** Plaintiffs Gutierrez, Torres and Volker contended that they should be allowed to file late claims because their former supervisor allegedly discouraged them from filing claims within the claim filing period. The court found that it would be unfair to allow them to file more than a year after the claim filing deadline because it would diminish the recovery of those claimants who filed timely claims. Plaintiff Gaskill contended that she filed a late claim because she did not receive the official notices which instructed class members of the claim filing procedures. The court found that the notices were mailed to the proper address and that she had additional notice from discussions at her place of employment. Plaintiff Alexander filed a timely claim for an employment placement opportunity. More than a year after the claim filing deadline she sought to amend her claim to include a claim for back pay as well. The court found that it would be unfair to allow her to do so. *Taberoff, supra*, Final Order Re Monetary Awards and Placement Opportunities, (Sept. 28, 1979).

the EEOC prevails.[2] The court agrees that Passek is absolutely immune from liability for violation of such a duty imposed by state law. This conclusion is guided by the holding of *Miller v. DeLaune*, 602 F.2d 198 (9th Cir. 1979). In that case a taxpayer sued an Internal Revenue Service official claiming, *inter alia*, that as a result of the official's blackmail, fraud and intimidation, the taxpayer was forced to deliver certain sums of money to the Internal Revenue Service. The court held that, insofar as the complaint attempted to allege a state or common law tort claim, as distinguished from a constitutional claim, the Internal Revenue Service official was absolutely immune from liability. The court stated:

" . . . we believe that current law compels the conclusion that a Government official such as appellee here, acting within the outer perimeter of his or her line of duty, is absolutely immune from state or common–law liability."

602 F.2d at 200. *See also Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The complaint does not allege that defendant Passek was acting outside "the outer perimeter of his . . . line of duty" in administering the settlement agreement and recommending the denial of plaintiffs' late claims.

Plaintiffs argue that an EEOC attorney in Mr. Passek's position is not a government official entitled to the absolute immunity recognized by the Ninth Circuit in *Miller v. DeLaune*. Plaintiffs rely on the recent decision in *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979), in which the Supreme Court considered whether an attorney appointed by a federal judge to represent an indigent defendant in a criminal case is absolutely immune under federal law from liability in a state malpractice suit brought by the former client. The Court found an appointed criminal defense attorney was not such a public official as to be entitled to immunity under the

rationale of *Butz v. Economou, supra*, and *Barr v. Matteo, supra*. The Court contrasted the role served by appointed defense counsel to that of other federal officers, such as judges, prosecutors and grand jurors, who are entitled to absolute immunity as a function of their position. These latter officers, the Court found,

" . . . represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy. The societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large has long been recognized as an acceptable justification for official immunity. The point of immunity for such officials is to forestall an atmosphere of intimidation that would conflict with their resolve to perform their designated functions in a principled fashion."

444 U.S. at 203–04, 100 S.Ct. at 408–09. Antithetically, the Court found that

" . . . the primary office performed by appointed counsel parallels the office of privately retained counsel. Although it is true that appointed counsel serve pursuant to statutory authorization and in furtherance of the federal interest in insuring effective representation of criminal defendants, his duty is not to the public at large, except in that general way. His principal responsibility is to serve the undivided interests of his client. Indeed, an indispensable element of the effective performance of his responsibilities is the ability to act independently of the government and to oppose it in adversary litigation."

444 U.S. at 204, 100 S.Ct. at 409.

Thus, the question of the immunity afforded federally employed attorneys under the *Ferri* decision depends upon whether the attorney primarily represents the interests of the public or the interests of private

**2.** The Court notes that there is a serious doubt if any such fiduciary duty exists. *See EEOC v. General Telephone Co. of Northwest*, 599 F.2d 322, 330 (9th Cir. 1979) *cert. granted*, 444 U.S. 989, 100 S.Ct. 518, 62 L.Ed.2d 418 (1979).

litigants who may benefit from his efforts. The Ninth Circuit has already well described the function of the EEOC as a litigant, stating that the EEOC "promotes *public* policy and seeks to vindicate rights belonging to the United States as sovereign." *EEOC v. Occidental Life Insurance Co. of California*, 535 F.2d 533, 537 (9th Cir. 1976) *aff'd* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (emphasis in original). *Accord,* *EEOC v. General Telephone Co. of Northwest*, 599 F.2d 322, 330 (9th Cir.), *cert. granted*, 444 U.S. 989, 100 S.Ct. 518, 62 L.Ed.2d 418 (1979).

"The EEOC vindicates public policy by suing in federal court.... This is so regardless of the type of relief sought.... [I]n Title VII law, the fact that private parties may benefit from public agency action does not detract from the public nature of those proceedings."

*EEOC v. Occidental Life Insurance Co. of California, supra*, 535 F.2d at 539. *See also* *EEOC v. Hearst Corp., Seattle Post–Intelligencer*, 553 F.2d 579 (9th Cir. 1976).

The duties and functions of an attorney representing the EEOC are more akin to those of officials traditionally granted absolute immunity than to those of appointed defense counsel discussed in the *Ferri* decision. Therefore, the Court holds that Mr. Passek has absolute immunity for any possible violation of state or common–law fiduciary duty to these plaintiffs resulting from his representation of the EEOC in the *Taberoff* case.

Finally, plaintiffs argue that they have raised a constitutional cause of action against defendant Passek in their complaint in this action. Under *Butz v. Economou, supra*, and *Miller v. DeLaune, supra*, Passek is entitled to only a qualified immunity insofar as his official actions may have violated the constitutional rights of plaintiffs. However, the complaint does not state a cause of action alleging a constitutional violation. The Court granted plaintiffs leave to file an amended complaint to attempt to allege a constitutional cause of action. Plaintiffs have elected not to so amend.

Therefore,

IT IS SO ORDERED that this action is dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, insofar as it alleges a cause of action against defendant Passek.