Darryl SANDERS and Patricia Sanders, Plaintiffs,

v.

Erlene DOUGLAS, et al., Defendants.

No. CV 81–6395–RJK.

United States District Court, C.D. California.

June 9, 1983.

---

Edgar L. Borne, III, Los Angeles, Cal., for plaintiffs.

Stephen S. Trott, U.S. Atty., Frederick M. Brosio, Jr., Asst. U.S. Atty., Chief, Civ. Div., Joseph F. Butler, Asst. U.S. Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, Senior District Judge.

## I. BACKGROUND

This matter comes before the Court on defendant's motion for summary judgment, which was taken under submission on February 28, 1983. Having considered defendant's moving papers, the opposition thereto, and the record, the Court hereby GRANTS defendant's motion.

By this action plaintiffs Darryl and Patricia Sanders seek damages for libel, slander, invasion of privacy, and infliction of emotional distress. The factual background of the case is largely undisputed. The action grew out of two allegedly defamatory statements concerning plaintiff Patricia Sanders' physical condition.

Defendant Erlene Douglas and plaintiff Patricia Sanders are employed by the United States Postal Service at the Torrance, California Post Office. Defendant was the Acting Supervisor of Collections and Delivery at the time of the events in question. Plaintiff was employed in a clerical position and was not under defendant's direct supervision. On the morning of July 6, 1981, defendant allegedly noticed bruises on the side of plaintiff's face. Douglas subsequently informed plaintiff's direct supervisor, Pauline Palmer, of what she had seen.

Sometime thereafter plaintiff filed a Worker's Compensation claim with the Postal Service, alleging that she had injured her back on the job on or about July 7, 1981.

On July 27, 1981, after the filing of the Worker's Compensation claim, defendant submitted the following written statement regarding her July 6 observation of Sanders' physical condition: "On Monday, July 6, 1981, Patricia Sanders reported to work and I noticed that she had bruises on her face and appeared to have been beaten."

On November 16, 1981, Patricia Sanders and her husband Darryl Sanders filed this action in Los Angeles Municipal Court, alleging that defendant's oral and written statements were defamatory. Plaintiffs contend that defendant's statements were false and that they exposed plaintiffs to "hatred, contempt, ridicule, and obloquy." Darryl Sanders claims that the statements made him appear to be a wife-beater or

ruffian. Patricia Sanders contends that the written statement implied that she had tried to defraud the United States government by representing that injuries suffered in a wife-beating incident were actually work-related.

The action was removed to this Court on December 18, 1981. In the motion now before the Court, defendant seeks summary judgment on all of plaintiffs' claims. Defendant contends that she is absolutely immune from liability because the actions in question were within the scope of her employment as a government employee. Plaintiffs argue that defendant is not absolutely immune from liability because she acted voluntarily and beyond the scope of her authority.

The sole issue before the Court is whether defendant was acting within the scope of her official duty when she made the statements in question. If so, plaintiffs have no cause of action against her.

## II. DISCUSSION

■ A federal official acting within the scope of his or her duty is absolutely immune from liability for common law torts. *Owyhee Grazing Ass'n v. Field,* 637 F.2d 694, 697 (9th Cir.1981); *Miller v. DeLaune,* 602 F.2d 198, 200 (9th Cir.1979); *Clifton v. Cox,* 549 F.2d 722, 726 (9th Cir.1977). As the Ninth Circuit stated in *Owyhee Grazing:* "[A] federal official cannot be held personally liable in tort for 'acts committed within the outer perimeter of his line of duty.'" 637 F.2d at 697, quoting *Clifton v. Cox,* 549 F.2d at 726.

■ The Ninth Circuit has broadly construed the "outer perimeter" concept in determining the scope of authority of federal officials. To be within that perimeter, the action in question need only "bear some relation to and connection with the duties and responsibilities of the official." *Clifton v. Cox,* 549 F.2d at 726 (citations omitted).

■ Applying this test to the instant case, the Court finds that defendant acted well within the outer perimeter of her authority. With regard to her oral statement

of July 6, 1981, defendant has submitted affidavits indicating that she acted pursuant to her duty as a postal supervisor. According to defendant's affidavits, the Postal Service requires that supervisors show concern for employee productivity, efficiency, and job performance. Since an employee's physical condition affects his or her job performance, supervisors are expected to share a concern for the health, safety, and welfare of their subordinates. When she discussed Mrs. Sanders' physical condition with another supervisor, defendant did no more than fulfill her duty as a manager.

Plaintiffs maintain that defendant's oral statement was outside the scope of her employment. Mrs. Sanders has filed an affidavit of her own, in which she states: "The defendant's statement was given as a VOLUNTARY WITNESS and not under the compulsion of duty. Defendant's acts were completely afield of the scope of any supervisorial authority the defendant may have actually possessed."

■ This conclusory statement alone cannot give rise to a genuine issue of fact under Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

An affidavit containing ultimate facts or conclusions of law cannot defeat a summary judgment motion under Rule 56(e). Indeed, legal conclusions "are totally ineffectual, and are not to be given any consideration or weight whatsoever." *G.D. Searle & Co. v. Chas. Pfizer & Co.,* 231 F.2d 316, 318 (7th Cir.1956). *Accord, Washington v. Maricopa County,* 143 F.2d 871, 872 (9th Cir.1944), *cert. denied,* 327 U.S. 799, 66 S.Ct. 900, 90 L.Ed. 1024 (1946); C. Wright, A. Miller & M. Kane, 10A *Federal Practice and Proce-*

*dure* § 2738 at 486–89 (1983). The Court therefore must disregard the conclusory allegations of Mrs. Sanders' affidavit. Having done so, the Court finds that plaintiffs have failed to raise a genuine issue of fact with respect to defendant's oral statement, and concludes that said statement was within the scope of defendant's official duty.

As for defendant's written statement concerning Mrs. Sanders' physical condition, defendant has submitted an affidavit asserting that she made the statement at the instance of another Post Office official. Defendant contends that the written statement was requested in connection with the Postal Service's investigation of plaintiff's compensation claim. If this is so, defendant was clearly acting within the scope of her employment when she made the statement.

Plaintiffs dispute defendant's assertion that she was asked by another postal official to comment upon Mrs. Sanders' physical condition. Once again, however, plaintiffs' allegations are purely conclusory. Rule 56(e) requires that affidavits filed in opposition to a summary judgment motion set forth "specific facts." Since the Court may not consider plaintiffs' conclusory statements, defendant's evidence remains uncontroverted. Plaintiffs are left with only the bald assertions of their complaint. On the basis of the uncontroverted evidence before it, the Court concludes that defendant's written statement was reasonably related to her duty as a supervisor.

Having found that defendant's oral and written statements were within the scope of her official duties, the Court concludes that defendant cannot be held liable in tort for making those statements. Accordingly, summary judgment shall be entered in favor of the defendant on each of plaintiffs' causes of action.

## ORDER

For the reasons set forth above, it is hereby ORDERED that defendant's motion for summary judgment be GRANTED.

The Clerk shall send, by United States mail, a copy of this Memorandum of Decision and Order to counsel for the parties.