**Mari OTTO, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secy., Department of Health & Human Services, Defendant,**

**Howard Jacobson, Defendant-Appellee.**

No. 84–6563.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 10, 1985.

Submitted Nov. 19, 1985.

Decided Jan. 28, 1986.

Marc Coleman, Diane L. Middleton, P.C., San Pedro, Cal., for plaintiff-appellant.

Wendy Kets, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MERRILL, TANG, and BOOCHEVER, Circuit Judges.

TANG, Circuit Judge.

Mari Otto, an employee of the Social Security Administration ("SSA"), appeals from an order dismissing her complaints alleging constitutional violations and common law torts committed by her supervisor in conjunction with acts of sexual harassment cognizable as sex discrimination claims under Title VII. Ms. Otto pursued her Title VII complaints in a class action suit settled at the EEOC level, and thus has exhausted her administrative remedies. This appeal raises novel legal questions of whether Title VII remedies for sex discrimination in federal employment preclude redress for constitutional or tortious injuries to a female employee caused by allegedly non-job related conduct of her male supervisor or alternatively whether damages are unavailable because of the doctrine of absolute immunity. We affirm the dismissal of the federal constitutional claims for reasons different from those given by the district court.

## FACTS

Mari Otto started working at the Inglewood SSA District in July 1978 as a field representative. Howard Jacobson, the district manager, was Ms. Otto's immediate supervisor. In June 1981 Ms. Otto complained to her agency that Mr. Jacobson was sexually harassing her, and in August she filed a class action Equal Employment Opportunity ("EEO") complaint with the Department of Health and Human Services ("HHS"). Later Ms. Otto added claims of retaliatory actions to her complaint and in August 1982, in accordance with HHS procedures outlined in 29 C.F.R. § 1613.215 (1985), HHS administratively denied her individual complaint because it was part of a pending class complaint.

Having been given the option of filing a civil action in federal court, Ms. Otto initiated this action on September 8, 1982. In her amended complaint she named Richard Schweiker, then head of HHS, and Mr. Jacobson, in his capacity as an individual and as a SSA manager, as defendants in both individual and class action claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1982) ("Title VII"). She also sought to sue Mr. Jacobson personally for damages resulting from his violations of her constitutional rights and from his tortious conduct. Ms. Otto alleged that Mr. Jacobson violated her fourth amendment right to privacy and her fifth amendment right to equal protection and that he committed a variety of common law torts including assault, invasion of privacy, intentional infliction of emotional distress and defamation. The resulting mental distress allegedly caused Ms. Otto to suffer a miscarriage. The Government filed a motion to dismiss Ms. Otto's constitutional and tort claims on the ground that Title VII provides the exclusive remedies for sexual harassment, and to dismiss Mr. Jacobson from the suit because the only

appropriate defendant in a federal employment Title VII claim is the head of the agency concerned. 42 U.S.C. § 2000e–16(c) (1982).

On February 8, 1983 the district court ruled favorably on the Government's motions and dismissed Mr. Jacobson from the suit, dismissed all claims except the Title VII claims, and remanded the Title VII class claims to EEOC where they were litigated and settled. On October 19, 1984 the district court entered an order dismissing all remaining claims against all remaining defendants, and on November 16, 1984 Ms. Otto filed a timely appeal with this court seeking review of the dismissal of her constitutional and tort claims against Mr. Jacobson.

## DISCUSSION

All the questions raised in this appeal are legal issues reviewable de novo by this court. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), *cert. denied* — U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). The questions presented for our review are whether Title VII provides the exclusive remedies for sex discrimination and, if not, whether Otto has stated claims for relief based on violations of her constitutional rights or on the tortious conduct of her supervisor. The district court dismissed Otto's complaints on the authority of *Brown v. GSA*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976), which held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."

### A. Title VII Remedies Do Not Preclude Other Judicial Relief.

The fundamental question in this case is whether Otto's claims of constitutional violations and tortious conduct are claims of discrimination in employment. Both parties agree that *Brown* means that Title VII provides the exclusive remedy for discrimination in federal employment, and that sexual harassment has been considered sex discrimination since 1977. *Barnes v. Cos-*

*tle*, 561 F.2d 983, 989 (D.C.Cir.1977). This court followed *Brown* in holding that Title VII is the sole remedy for a race discrimination claim by a federal employee, but specifically noted that Title VII does not preclude separate remedies for "unconstitutional action other than discrimination." *White v. GSA*, 652 F.2d 913, 917 (9th Cir. 1981). Having acknowledged that unconstitutional actions may occur along with Title VII statutory violations, this court refused to view a federal employee's due process claim arising from involuntary resignation caused by sex discrimination as a separately remediable claim because "the factual predicate for [her] due process claim [was] the discrimination which [was] the basis of her Title VII claim." *Nolan v. Cleland*, 686 F.2d 806, 815 (9th Cir.1982); *accord Clemente v. United States*, 766 F.2d 1358, 1364 n. 7 (9th Cir.1985).

Otto argues that her constitutional and tort claims arise from a different factual predicate than her Title VII claims. She maintains that her injuries did not result only from discriminatory employment practices remediable under Title VII, but from acts of intrusion into her privacy, harassment, and defamation which were not job related and which caused personal injuries. She asserts that her constitutional claims arise from non-job related and nonpersonnel actions. The Government contends that Otto's sole grievance relates to "on-the-job forms of sexual harassment" and thus although *White* and *Nolan* may permit damage actions for separate and distinct claims this is not such a case.

■ Ms. Otto contends that the substantive basis of her tort claims is not "her right to be free from discriminatory treatment at her jobsite" but her "right to be free from bodily or emotional injury caused by another person." *Stewart v. Thomas*, 538 F.Supp. 891, 895 (D.D.C.1982). The Government contends that since the allegedly tortious acts were on-the-job forms of sexual harassment they cannot be the basis of a separate claim because they are merely the "predictable ... concomitants of sexual harassment in employment." The bet-

ter view is that torts which constitute "highly personal violations[s] beyond the meaning of 'discrimination' [are] separately actionable." *Stewart,* 538 F.Supp. at 896. We reaffirm our holdings in *White* and *Nolan* that Title VII does not preclude all other claims for relief, but we turn now to a more specific consideration of Otto's constitutional and tort claims.

## B. Constitutional Claims.

■ The Government argues that the constitutional claims are barred by *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), which limited the availability of judicial remedies first provided for constitutional violations in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We do not reach the question of whether *Bush* bars us from providing a remedy because we find that Otto has not stated a claim for relief under *Bivens.* We agree with Justice Marshall's concurring opinion in *Bush,* that "there is nothing in [this] decision to foreclose a federal employee from pursuing a *Bivens* remedy where his injury is not attributable to personnel actions which may be remedied under the federal statutory scheme." *Bush,* 462 U.S. at 391, 103 S.Ct. at 2418 (Marshall, J., concurring). But we find no constitutional violations in this case. *Bivens* held that where federal agents violated an individual's fourth amendment rights, the courts are empowered to provide redress for his injuries in the form of money damages. 403 U.S. at 397, 91 S.Ct. at 2005. But we cannot provide redress without evidence of a constitutional injury caused by a federal agent acting within the parameters of his authority. Taking all of Ms. Otto's allegations as true, we find that: (1) her supervisor's job related acts of harassment or defamation produced injuries remediable under Title VII, and (2) her supervisor's non-job related acts of harassment or invasions of her privacy were not within the parameters of his authority, and thus were not *Bivens*-type violations.

■ Ms. Otto argues that her supervisor's defamatory remarks were sufficiently damaging to rise to the level of a violation of her constitutionally protected liberty interest in her reputation. *See Paul v. Davis,* 424 U.S. 693, 701–10, 96 S.Ct. 1155, 1160–65, 47 L.Ed.2d 405 (1976). To the extent that the alleged defamation damaged Ms. Otto's employment or advancement opportunities, her *Bivens* claim is defeated by the fact that those are precisely the injuries cognizable and remediable under Title VII.

■ Ms. Otto further contends that her fifth amendment right to equal protection was violated by her supervisor's conduct. Her reliance on *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) for this argument is unfounded since the Court there provided relief to a female employee discriminated against on the basis of sex by her employer, a member of Congress, only because such employees were not protected by civil service or Title VII provisions. *Id.* at 247, 99 S.Ct. at 2278. Ms. Otto's claim of sex discrimination is identical to her Title VII claim, and she has already received relief under those provisions.

■ Finally, Ms. Otto argues that her supervisor violated her right of privacy by making defamatory remarks about her sexuality, by following her, telephoning her and placing her in fear of sexual abuse. Such facts do not constitute an invasion of the constitutional right of privacy, but rather sound in tort. Her supervisor's conduct does not amount to a governmental intrusion into the intimacies of married life. *Griswold v. Connecticut,* 381 U.S. 479, 485–86, 85 S.Ct. 1678, 1682–83, 14 L.Ed.2d 510 (1965). To the extent Mr. Jacobson intruded into Ms. Otto's married life, he was acting outside the limits of his authority, and thus did not commit a *Bivens*-type violation.

## C. Tort Claims.

■ For the very reason Ms. Otto failed to state a *Bivens* claim for relief, she has stated a claim for relief in tort. Both par-

**758**

ties agree that this court's decision in *Miller v. De Laune*, 602 F.2d 198, 200 (9th Cir.1979) states the applicable rule that an official of the Government, "acting within the outer perimeter of his or her line of duty, is absolutely immune from state or common-law tort liability." This rule, first established in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), was further elaborated in *Butz v. Economou*, 438 U.S. 478, 495, 98 S.Ct. 2894, 2905, 57 L.Ed.2d 895 (1978) where the Court said the rule did not abolish officials' liability for acts "manifestly beyond their line of duty." In Otto's case, the Government contends that all of the conduct in question occurred within the scope of Jacobson's role as a supervisor, while Otto argues that following her, defaming her and harassing her with telephone calls was not conduct within the scope of his official duties. Taking Otto's allegations as true, the *Barr* and *Miller* immunity is lost because her supervisor adopted means beyond the outer perimeter of his authority. *See McKinney v. Whitfield*, 736 F.2d 766 (D.C.Cir.1984) (supervisor's alleged assault and battery of an employee outside the perimeter of duty); *accord Bishop v. Tice*, 622 F.2d 349 (8th Cir.1980) (federal supervisors exceeded their authority when they defamed and conspired to defraud an employee).

■ To ascertain whether Jacobson acted within the perimeter of his authority requires resolution of questions of fact "which cannot be resolved at the pleading stage." *Miller*, 602 F.2d at 199, *quoting Thomas v. Younglove*, 545 F.2d 1171, 1173 (9th Cir.1976). Thus, the district court's dismissal of Ms. Otto's common law tort claims was not necessarily appropriate.

### CONCLUSION

We affirm the district court's dismissal of Ms. Otto's federal constitutional claims, not because they are precluded by Title VII, but because she has failed to state a claim under *Bivens*. We leave to the discretion of the district court the question whether exercise of pendent jurisdiction over the remaining state claims is appropriate under the authority of 28 U.S.C. § 1338(b) (1982), or whether the state tort claims should be dismissed without prejudice. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355–56 (9th Cir.1985).