Annette CANE, et al., Plaintiffs,

v.

Donald C. BURGER, et al., Defendants.

No. 85–CV–60255–AA.

United States District Court,
E.D. Michigan, S.D.

Sept. 12, 1986.

Michael K. Hegarty, Brighton, Mich., for plaintiffs.

Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant Donald C. Burger.

### ORDER GRANTING DEFENDANT BURGER'S MOTION FOR SUMMARY JUDGMENT

La PLATA, District Judge.

On May 3, 1985, Plaintiffs, Annette Cane, Frederick Cane, and Mary Cane, in-

stituted a three count Complaint in the 22nd Judicial Circuit of Michigan against four Defendants. Therein, they averred that they sustained personal injuries and emotional damages as a result of the infliction by Defendants of three torts, assault and battery, an invasion of privacy, and dental malpractice, all of which related to treatment rendered to them by Defendant Burger, who engaged in the authorized practice of dentistry, at the Territorial Family Dental Center located in Dexter, Michigan. On June 17, 1985, Defendant Burger removed the action to this Court, pursuant to 28 U.S.A.C. § 1442, on the basis that it included a party who was sued in his capacity as an employee of the United States.

A review of the record indicates that in October, 1983, Burger, a senior resident law enforcement officer for the Fish and Wildlife Service of the Department of the Interior, undertook an investigation of a group of hunters, including Plaintiff, Frederick Cane, who purportedly had committed various violations of the game laws. In order to infiltrate the group of suspects, Burger asserted that he was a hunter and a dentist who recently moved from Indiana to Michigan. He informed the hunters that he intended to practice dentistry at the Territorial Family Dental Clinic, Inc.

In their Complaint, Plaintiffs alleged that they made appointments at the dental clinic in October, 1983, November, 1983, and January, 1984. Each Plaintiff claims that he or she was treated by Burger, who misrepresented that he was licensed to practice dentistry in Michigan. Plaintiffs claim that Burger, the Dental Clinic, and its two owners, John Wehr and Barbara Wehr, committed three torts through Burger's unauthorized practice of dentistry.[1]

On July 23, 1986, Burger filed a Motion for Summary Judgment, asserting that he is absolutely immune from liability for the alleged torts. Burger argues that immunity should be afforded to him because (1) he was acting within the scope of his employment as a law enforcement officer of the Department of Interior at the time he allegedly committed the wrongful acts and (2) the claims of Plaintiffs amount to common law, rather than constitutional, torts.[2]

In an affidavit in support of the Motion, Harvey Nelson, the Regional Director of the Fish and Wildlife Service, stated:

1. That Donald C. Burger is a Senior Resident Agent, Law Enforcement District 3, and is responsible for enforcing federal wildlife laws and regulation within Region 3, Fish and Wildlife Service, U.S. Department of the Interior.

2. That affiant has read a copy of a complaint filed in *Annette Cane, et al. v. Donald C. Burger, et al.*, No. 85–29488–NZ in the Circuit Court for the County of Washtenaw, State of Michigan.

3. That affiant hereby affirms that Donald C. Burger, Senior Resident Agent, was acting within the scope of his official duties during the time he performed any actions or omissions referred to in the complaint in the above-styled litigation.

Opposing the Motion, Plaintiffs evince that by engaging in the unauthorized practice of dentistry, Burger committed an intentional tort that is outside the scope of his employment as a gaming officer. They argue that the Court should not afford immunity to Burger in light of his egregious conduct, since it would provide minimal benefits to the government and cause harm to the public.

A review of the Complaint evidences that Plaintiffs pleaded common law torts, only.

---

1. On May 14, 1986, the Court, pursuant to a stipulation of the parties, dismissed John Wehr as a defendant. According to his affidavit, Wehr did not possess an ownership interest in Territorial Family Dental Center after September 1, 1983.

2. In an affidavit appended to the Motion, Burger maintained that when he posed as a dentist, he was acting within the scope of his employment as a law enforcement officer.

In *Granger v. Mark,*[3] the Sixth Circuit Court of Appeals held that government officials are entitled to absolute immunity for common-law torts committed while they were performing discretionary government duties. Following the doctrine enunciated in *Granger,* the Appeals Court, in *Queen v. Tennessee Valley Authority,*[4] held that employees of the Tennessee Valley Authority were clothed with immunity with respect to defamatory statements they made about a product manufactured by Plaintiffs:

> We conclude that the district court was correct in finding that these TVA officials were entitled to immunity from suit in their personal capacities for statements made in the course of the performance of these duties. We recognize that the doctrine of absolute immunity has been criticized by commentators as causing, on occasion, the unnecessary foreclosure of meritorious claims.

> The rule in this Circuit has been settled by *Granger v. Marek,* in which we determined that we are bound by the decision of the Supreme Court in *Barr v. Matteo.* The policies which favor the *Barr* rule are most appropriate in defamation actions of this type, where the defendants have a statutory directive to speak out on a matter of public concern, and where the public relies on these defendants as a source of information, and where the appellants seek to enjoin or impose liability on them for their good faith evaluation and criticism of their product.

In *Miller v. DeLaune,*[5] a taxpayer sued an official of the Internal Revenue Service, claiming that the official committed constitutional and common-law tort violations by intimidating, blackmailing, and defrauding him into making a payment to the Internal Revenue Service. The *Miller* Court, like the Courts in *Granger* and *Queen,* held that a governmental official is vested with absolute immunity from liability for nonconstitutional torts as long as he was acting within the scope of his official duties:

> Appellant's complaint also alleged that appellee was liable under state tort law. The Butz opinion explicitly limited its immunity holding to those situations involving constitutional violations. While the distinction has been criticized, we believe that current law compels the conclusion that a Government official such as the appellee here, acting within the outer perimeter of his or her line of duty, is absolutely immune from state or common-law tort liability.[6]

Applying the foregoing case to the matter at bar, the Court concludes that Plaintiffs may not maintain common-law tort claims against Burger. While his zealousness in carrying out his assignment may not be universally heralded, Burger, as evidenced by the affidavit of his superior, Harvey Nelson, was acting within his powers as a law enforcement officer by posing as a dentist and allegedly rendering treatment to Plaintiffs at the dental facility.[7]

It is noteworthy that Plaintiffs are not bereft of a remedy for allegedly intentional torts committed by Burger. In 1974, Congress amended 28 U.S.C. § 2680(h)[8] by per-

---

3. 583 F.2d 781, 784 (6th Cir.1978). In *Granger,* the Plaintiff claimed that agents of the Internal Revenue Service conspired to commit a tortious interference with his business.

4. 689 F.2d 80, 84 (6th Cir.1982).

5. 602 F.2d 198 (9th Cir.1979).

6. *Miller* at 199–200. See, also, *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1434 (9th Cir.1985).

7. In his reply brief, Burger controverted the allegations that he provided treatment or advice to Plaintiffs. Whether Burger effectuated his masquerade as a dentist to the point that he rendered, or attempted to render, dental services to Plaintiffs is inconsequential to a determination of the viability of his absolute immunity defense.

8. The Amendment to 28 U.S.C. § 2680(h) provides:

> That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law

mitting a lawsuit for personal injury to be maintained against the United States, under the Federal Tort Claims Act,[9] if the claim arose out of one of the enumerated intentional torts of a law enforcement officer who was acting within the scope of his office or employment.[10]

Consequently, the Court GRANTS the Motion of Defendant Burger for Summary Judgment.

---

enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal Law.

**9.** 28 U.S.C. § 1346(b).

**10.** See *Hoston v. Silbert,* 681 F.2d 876, 878–879 (D.C.Cir.1982).