986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald NERO, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force;
United States of America, Defendants-Appellees.
 No. 92-6100.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Donald Nero appeals from an order of the district court entering judgment for defendants. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 2
 Plaintiff, a black male civilian Air Force employee, commenced this action pursuant to Title VII, 42 U.S.C. § 2000e-16, and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The district court granted defendants' motion for partial summary judgment and dismissed plaintiff's FTCA claim on the ground that plaintiff's exclusive remedy for claims of discrimination in federal employment was provided by Title VII. Following a bench trial, the court held that plaintiff had failed to prove he was the victim of intentional discrimination or retaliation and entered judgment for defendants on plaintiff's Title VII claims.
 
 
 3
 On appeal, plaintiff argues the district court erred by requiring him to prove intentional discrimination. Plaintiff contends the court should have applied the burden-shifting format of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and required defendant to show its proffered reasons were legitimate.
 
 
 4
 While the McDonnell Douglas format is intended for analyzing Title VII claims, once the defendant has set forth a facially nondiscriminatory reason for its actions, "the plaintiff then assumes the normal burden of any plaintiff to prove his or her case at trial." EEOC v. Flasher Co., 1992 WL 384935 at * 3 (10th Cir. Dec. 29, 1992). The court must weigh the evidence presented and assess the credibility of witnesses "to determine whether the plaintiff was the victim of intentional discrimination based upon protected class characteristics." Id. A plaintiff can meet his burden either directly by proving the employer acted with a discriminatory motive or indirectly by showing the employer's stated reason for its action was pretextual.
 
 
 5
 The district court's determination of whether plaintiff met his burden is an issue of fact which we review under the clearly erroneous standard. Flasher, at * 3. Upon review of the materials submitted to this court, we cannot conclude the district court's finding was clearly erroneous.[1]
 
 
 6
 Plaintiff argues specifically that at trial the district court refused to admit evidence regarding defendant's "computer profile" system, the method by which defendant made promotion determinations. The court allegedly refused to accept the absence of plaintiff's name on the computer generated promotion eligibility list as a legitimate business reason for not promoting plaintiff. Plaintiff argues that in its order, however, the court relied on the computer profile as the basis for its decision.
 
 
 7
 The pretrial order stated that the issue for trial was whether plaintiff had "suffered loss of promotion opportunities" as a result of retaliatory loans. Appellant's App. at 128-29. Pretrial orders control the course of the action unless later modified. Fed.R.Civ.P. 16(e). Plaintiff has not alleged that the pretrial order was modified.
 
 
 8
 The district court found no evidence that the loans were made for discriminatory reasons. Id. at 155-56. As noted supra, plaintiff has failed to include a sufficient record to permit adequate review. However, the fact that plaintiff's name was not on the promotion eligibility list does not appear to bear on the central determination of whether plaintiff was loaned to other departments for discriminatory reasons. We cannot hold that the district court erred in its determination.
 
 
 9
 Plaintiff argues that oral argument is necessary because the facts and legal arguments need to be supplemented. The purpose of oral argument is not to supplement an inadequate record.
 
 
 10
 Plaintiff argues the district court improperly "intertwined" his failure to promote issue with his retaliatory loan issue. The materials submitted to us contain no indication plaintiff requested that his failure to promote issue be considered independently after the pretrial order was entered. Cf. Hullman v. Board of Trustees of Pratt Community College, 950 F.2d 665, 667 (10th Cir.1991). The court committed no error.
 
 
 11
 Plaintiff also argues the district court erred by considering the administrative record and making findings of fact based on that record. While enumerating the findings allegedly derived from the administrative record, plaintiff has not identified any errors contained therein. We cannot say that the district court committed reversible error.
 
 
 12
 Finally, plaintiff argues his FTCA claim should not have been dismissed because it was not related to his discrimination claims. Title VII provides "the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976). Title VII does not, however, preclude separate remedies for unconstitutional actions such as torts of highly personal violations other than discrimination. Otto v. Heckler, 781 F.2d 754, 756-57 (9th Cir.), amended, 802 F.2d 337 (1986).
 
 
 13
 Both to the agency and to the district court, plaintiff framed his FTCA claim as alleging intentional infliction of emotional distress due to defendant's discriminatory actions of loaning him to other departments and denying him a promotion. This claim is clearly grounded in his Title VII employment discrimination claims and could not have been brought separately.[2]
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Our review of this issue is necessarily limited. In his appendix, plaintiff included only brief, unidentified excerpts of the transcript. For us to determine whether a district court's findings were clearly erroneous, plaintiff must include in the record a transcript of all evidence, properly identified, which is relevant to such findings. See Fed.R.App.P. 10(b)(2); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992)
 
 
 [2]
 On appeal, plaintiff appears to argue his FTCA claim is based on his supervisor's tortious conduct of insisting he perform work for which he was not medically cleared and, in one instance, refusing to approve medical treatment for him for four months. Plaintiff contends that, as a result, he has lost the use of one arm. Arguably, plaintiff could bring this claim under the FTCA. However, plaintiff did not exhaust his administrative remedies and cannot bring this claim in federal court. See 28 U.S.C. § 2675