47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosene MONFORE, Plaintiff-Appellee,
v.
UNITED STATES of America; Richard Lussier, Defendants-Appellants.
 No. 93-55751.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1994.
Decided Feb. 16, 1995.
 
 Before: GIBSON,* HUG, and POOLE, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 The Government appeals the district court's order denying substitution of the United States as the defendant and remanding Rosene Monfore's lawsuit against Richard Lussier to state court. For reversal, the Government contends: (1) that the Attorney General's certification conclusively established that Lussier was acting within the scope of his employment when the allegedly tortious conduct occurred; (2) that the district court erred in finding that Lussier was not acting within the scope of his employment; and (3) that this action is preempted by Title VII's remedies for sexual harassment in the work place. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1988), and we affirm.
 
 I. BACKGROUND
 
 3
 Rosene Monfore was employed as a nurse at the Long Beach Veterans Administration Medical Facility, and Dr. Richard Lussier was one of her supervisors. Monfore claimed that Lussier had made unwelcome sexual advances towards her, which she had rejected. One day when Monfore was speaking with two of her co-workers, Lussier approached them and started a conversation. Monfore claimed that during this conversation, Lussier implied that Monfore was engaging in sexual relationships while on business trips. As a result of this incident, Monfore filed a pro se complaint against Lussier in small claims court, alleging "sexual harassment resulting in physical illness" and requesting $5000.00 in damages.
 
 
 4
 The Attorney General certified that Lussier was acting within the scope of his employment when the allegedly tortious conduct occurred, removed this case to federal court, and substituted the United States as the sole defendant. Monfore then filed a motion for remand. Characterizing Monfore's complaint as a defamation claim, the district court found that Lussier's comments were not made in the course of carrying out his employer's business, nor could his conduct be regarded as typical or incidental to his employer's business. Consequently, the district court remanded Monfore's lawsuit against Lussier to state court.
 
 II. DISCUSSION
 
 5
 A. Judicial Review of Scope of Employment Certifications
 
 
 6
 The Federal Tort Claims Act, 28 U.S.C. Secs. 2671 et seq., provides a remedy for persons injured by the tortious activity of an employee of the United States where that employee was acting with the scope of his office or employment. "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ... the United States shall be substituted as the party defendant." 28 U.S.C. Sec. 2679(d)(1) (1988). This certification "shall conclusively establish scope of office or employment for purposes of removal." Id. Sec. 2679(d)(2).
 
 
 7
 Relying on Sec. 2679(d)(2), the Government contends that the Attorney General's certification conclusively established that Lussier was acting within the scope of his employment when the incident that forms the basis for this lawsuit occurred. The Government argues that the district court did not have the authority to deny the substitution of the United States as the sole defendant and to remand this action to state court.
 
 
 8
 However, " 'Congress intended to make scope certification unreviewable only with respect to removal ' and not with respect to substitution." Meridian Intern. Logistics, Inc. v. United States, 939 F.2d 740, 744 (9th Cir.1991) (quoting S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1540 (11th Cir.1990) (emphasis added). In Meridian, we viewed the "scope" issue as a mixed question of law and fact that district courts may review de novo. Id. at 745. The district court, therefore, clearly had the authority to review and reject the Attorney General's determination that Lussier was acting within the scope of employment.
 
 B. Scope of Employment
 
 9
 The issue of whether a federal employee was acting within the scope of his employment is analyzed according to the agency principles of the state in which the alleged tort occurred. See Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir.1992). "Under California law, the determinative factor in establishing vicarious liability under the doctrine of respondeat superior is not whether the employee's act was authorized, but whether the act was committed in the course of carrying out the employer's business." Id. Vicarious liability does not attach if the employee "has substantially deviated from his duties for personal purposes." Id. (quotation omitted). We review the district court's scope of employment determination de novo. Id. at 875.
 
 
 10
 The Government argues that Lussier's conduct was within the scope of his employment because the incident occurred at work and the comments involved work-related travel. The Government also argues that because Monfore has filed a complaint with the Equal Employment Opportunity Commission and because she used the phrase "sexual harassment" in her small claims complaint, we should consider this lawsuit as a Title VII action. In response, Monfore has explained that Lussier's comments were defamatory because they imputed that she was "promiscuous and wanting in chastity." In addition, Monfore has emphasized that she did not allege a Title VII violation in this lawsuit, but rather, a common law tort claim against Lussier.
 
 
 11
 Although Monfore used the phrase "sexual harassment" in her small claims complaint, we construe allegations in a pro se complaint liberally. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). " 'Of course, the party who brings a suit is master to decide what law [s]he will rely upon.' " Caterpillar Inc. v. Williams, 482 U.S. 386, 392 n. 7 (1987) (quoting The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). We also note that " '[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced.' " Id. (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809 n. 9 (1986)).
 
 
 12
 On appeal, Monfore has clarified that she did not intend to raise a Title VII claim in this lawsuit, and we decline the Government's invitation to interpret her complaint in such fashion. Monfore has alleged that Lussier publicly and falsely accused her of sexual improprieties. We agree with the district court that in doing so, Lussier substantially deviated from his professional duties and acted outside the scope of his official duties. We conclude that Monfore's complaint sounds solely in tort and that Lussier's alleged conduct was not within the scope of his employment.
 
 C. Preemption
 
 13
 Continuing to characterize Monfore's lawsuit as a sexual harassment claim, the Government contends that this case is preempted because Title VII provides the exclusive remedy for discrimination in federal employment, see Brown v. GSA, 425 U.S. 820, 828-29 (1976), and sexual harassment constitutes sex discrimination in violation of Title VII. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65-66 (1986). The Government also argues that Monfore's defamation claim is not separately remediable because it contains the same factual predicate as her Title VII claim.
 
 
 14
 We disagree. Contrary to the Government's arguments, "[i]t is well-established that Title VII does not preempt state common law remedies." Bernstein v. Aetna Life & Cas., 843 F.2d 359, 364 (9th Cir.1988). "[T]orts which constitute highly personal violations beyond the meaning of 'discrimination' are separately actionable." Otto v. Heckler, 781 F.2d 754, 757, amended, 802 F.2d 337 (9th Cir.1986) (quotation omitted). Monfore has alleged that in the presence of her co-workers, Lussier made a highly personal attack on her sexual propriety, which is a separate factual predicate than her allegations of sexual harassment. We conclude that the district court did not err in remanding this action to state court.
 
 III. CONCLUSION
 
 15
 We AFFIRM the district court's order.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3