112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry COOPER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-55363.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Cooper appeals pro se the district court's dismissal of his claim for intentional and negligent infliction of emotional distress brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 Cooper contends that the district court erred by finding that some of his claims were preempted by Title VII. We disagree.
 
 
 4
 Title VII provides the exclusive federal jurisdiction for claims of discrimination in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 828-29 (1976); see also White v. General Servs. Admin., 652 F.2d 913, 917 (9th Cir.1981) (Title VII is the sole remedy for a race discrimination claim by a federal employee). Title VII preemption, however, does not apply to "highly personal violations beyond the meaning of discrimination." See Otto v. Heckler, 781 F.2d 754 (9th Cir.) amended by 802 F.2d 337 (9th Cir.1986).
 
 
 5
 In his complaint, Cooper alleged that the defendant subjected him to "a pattern of intentional acts of racial discrimination, harassment, reprisal and retaliatory action at his work." Cooper further alleged that he was given a potentially dangerous work assignment because of his racial and ethnic origin, and that he was placed on disability partially because of the defendant's racial discrimination. Based on these allegations, we conclude that the district court properly determined that Cooper's claims were preempted by Title VII to the extent that they were premised on racial discrimination. See Brown, 425 U.S. at 828-29. In addition, we agree with the district court that Cooper's allegations do not fit the "highly personal violation" exception to Title VII preemption. See Otto, 781 F.2d at 756-57; cf. Arnold v. United States, 816 F.2d 1306, 1311 (9th Cir.1987); Kent v. Howard, 801 F.Supp. 329, 332 (S.D.Cal.1992).
 
 
 6
 Cooper also contends that the district court erred by finding that Cooper's remaining claims were preempted by the Civil Service Reform Act ("CSRA"). This contention also lacks merit.
 
 
 7
 The CSRA preempts suits brought by federal employees under the FTCA which are based on "prohibited personnel practices." See Rivera v. United States, 924 F.2d 948, 951-52 (9th Cir.1991). "Prohibited personnel practices" include actions that violate the CSRA's merit system principles. See Saul v. United States, 928 F.2d 829, 833 (9th Cir.1991). "The merit system principles include treating employees fairly and equitably, 'with proper regard for their privacy and constitutional rights,' " and protecting employees against arbitrary action. Id. (citation omitted). Congress also intended "prohibited personnel practices" to cover a supervisor's violation of an employee's constitutional and privacy rights. Id. at 834.
 
 
 8
 Here, Cooper alleged that he was constantly harassed and closely monitored in retaliation for his union activity. Cooper further alleged that another Navy employee defamed him to a congressional representative, and that defendants acted to deny or delay payment of his benefits. Because Cooper's allegations relate to or arise out of personnel actions that violate the CSRA's merit system principles, the district court did not err by concluding that Cooper's claims were preempted by the CSRA insofar as they fell outside of Title VII preemption. See Rivera, 924 F.2d at 951-52.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cooper's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that Cooper's claims are preempted by either Title VII or the CSRA, we need not address Cooper's contention that his claims are not barred by the FTCA's two-year statute of limitation