Brenda L. BROCK, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 93–36201.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1995.

Decided Sept. 11, 1995.

Kristian E. Hedine, Reese, Baffney, Schrag, Sieel and Hedine, Walla Walla, WA, for plaintiff-appellant.

James R. Shively, Assistant United States Attorney, Spokane, WA, for defendant-appellee.

Before: WRIGHT and BRUNETTI, Circuit Judges, and KELLEHER,* District Judge.

BRUNETTI, Circuit Judge:

Brenda L. Brock appeals the district court's dismissal of her claim under the Federal Torts Claim Act, 28 U.S.C. § 1346(b), § 2671 et seq. (FTCA). The district court found that she had failed to state a claim upon which relief could be granted based on its conclusion that Brock's FTCA claim was precluded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Brock timely appeals. We have jurisdiction, 28 U.S.C. § 1291, and we affirm in part and reverse in part and remand.

## I.

Because we are reviewing a dismissal of Brock's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6), we accept as true all the following material allegations of the complaint.[1] See Carson Harbor Village Ltd. v. City of Carson, 37 F.3d 468, 472 (9th Cir.1994).

In 1989, Brock was employed by the Forest Service under the supervision of Gerald McKinney. On several occasions, McKinney made offensive sexual comments and unwanted sexual advances to her. During overnight field outings, she was forced to share sleeping accommodations with McKinney. She alleges that during these outings, he subjected her to unwanted physical contact, namely rubbing her back, touching her breasts, and raping her.

After being raped, Brock refused to work in the field with McKinney and she was assigned to the Walla Walla office. Even after her reassignment, McKinney continued to sexually harass and humiliate Brock by making repeated sexual comments. He also subjected her to unwanted touching and contact.

In 1990, Brock transferred to another department to avoid further contact with McKinney. Brock filed a claim with the EEOC against McKinney and the Forest Service. After her transfer, she was tormented by offensive comments by her coworkers because she had brought claims against McKinney and the Forest Service. Brock eventually settled her EEOC claim.

In July 1992, Brock filed an administrative tort claim under the FTCA, alleging negligent supervision of McKinney and negligent supervision of her coworkers. When the United States failed to make final disposition of her claim within six months pursuant to 28 U.S.C. § 2675, Brock deemed her claim denied for the purposes of the FTCA. She filed this action for negligence under the FTCA. The United States moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), which the magistrate judge granted. Brock timely appeals.

## II.

We review dismissal under Fed. R.Civ.P. 12(b)(6) de novo. Oscar v. University Students Co-op. Assoc., 965 F.2d 783, 785 (9th Cir.), cert. denied —— U.S. ——, 113 S.Ct. 655, 121 L.Ed.2d 581, and cert. denied sub nom —— U.S. ——, 113 S.Ct. 656, 121 L.Ed.2d 581 (1992).

Appellee argues that Brock's FTCA negligence claims against the Government are precluded because, as a federal employee, Title VII is her exclusive remedy for claims of sexual discrimination. The Government correctly points out Brock's claims constitute sexual discrimination. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2408, 91 L.Ed.2d 49 (1986); Ellison v. Brady, 924 F.2d 872, 878–79 (9th

---

* Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

1. In its statement of facts, the court referred to matters outside of the pleadings, which could indicate that the district court had converted the motion to dismiss into one for summary judgment. See Gluck v. Unisys Corp., 960 F.2d 1168, 1175–76 (3d Cir.1992). However, since none of these facts were relied on by the district court or are necessary to our resolution of the legal issues in this appeal, we treat this appeal as one from grant of a motion to dismiss. See id. at 1176.

Cir.1991). The Government is also correct that 42 U.S.C. § 2000e–16 is the "exclusive, pre-emptive administrative and judicial scheme [available] for the redress of federal employment discrimination." *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976).

### A. Claims Based on McKinney's Conduct

■ Although McKinney's rape and sexual assault of Brock is sufficient to establish a claim of sexual discrimination, that conduct also constitutes more than sexual discrimination. In *Arnold v. United States*, 816 F.2d 1306 (9th Cir.1987), and *Otto v. Heckler*, 781 F.2d 754 (9th Cir.) *amended by* 802 F.2d 337 (9th Cir.1986), we held that Title VII is not the exclusive remedy for federal employees who suffer "highly personal" wrongs, such as defamation, harassing phone calls, and physical abuse. *See Arnold*, 816 F.2d at 1311 ("Remedy for unconstitutional actions other than employment discrimination, even if arising from the same core of facts, is not barred by Title VII."); *Otto*, 781 F.2d at 756–57 ("[H]ighly personal violation[s] beyond the meaning of 'discrimination' [are] separately actionable.") (quoting *Stewart v. Thomas*, 538 F.Supp. 891, 895 (D.D.C.1982)).

Just as every murder is also a battery, every rape committed in the employment setting is also discrimination based on the employee's sex. In both instances, however, the ability to characterize the ultimate harm suffered as including a lesser offense (*i.e.,* battery or discrimination) does not change the nature or extent of the ultimate harm. When the harms suffered involve something more than discrimination, the victim can bring a separate claim. *Otto*, 781 F.2d at 756–57.

The Government concedes that if Brock sought state tort remedies against McKinney individually, Title VII would not bar those claims. The Government contends, however, that Brock's case is distinguishable from *Otto* and *Arnold* because she is suing for negligent supervision under the FTCA, and because she is not suing McKinney directly. Therefore, the Government concludes, Title VII bars her claim.

The court was persuaded by this argument and rested its judgment on its inability to "distinguish between a sexual harassment claim asserted directly against the United States under Title VII and negligence claims against the United States under the FTCA[.]" In reaching this conclusion, the court acknowledged that "an individual defendant should not escape personal liability for damages cased by his infliction of 'highly personal' harm, *beyond discrimination* (i.e. assault, battery ...)." However, by concluding that Title VII bars Brock's FTCA claim, the court disregarded the distinction it had just drawn and erroneously redefined the underlying wrongs suffered by Brock as simply "discrimination." For example, it concluded that "[t]he factual predicate for [Brock's FTCA] claim is the *sexual harassment* which formed the basis for her pre-complaint EEOC proceedings under Title VII." The court further noted that Brock's FTCA claim and her Title VII claim sought redress for "*the same harm* as a Title VII action—*sexual discrimination* in the form of sexual harassment." McKinney's attacks on Brock cannot simultaneously extend beyond discrimination for the purposes of a suit against McKinney individually, and reduce to simple sexual discrimination for the purposes her suit against the Government under the FTCA.

Rape *can be* a form of sexual discrimination, but we cannot say to its victims that it is nothing more. This fact does not change when the defendant of the suit is the Government instead of the individual rapist. If the type of harm is highly personal, then under *Otto* and *Arnold* Title VII is not the victim's exclusive remedy, *see Arnold*, 816 F.2d at 1311; *Otto*, 781 F.2d at 756–57, regardless of the identity of the defendant.

Since our holding is based on the highly personal nature of the harms inflicted on Brock by McKinney, the Government's reliance on *Nolan v. Cleland*, 686 F.2d 806 (9th Cir.1982), is misplaced. In *Nolan*, the alleged wrongdoing was wholly eclipsed by Title VII. Allegations of discriminatory failure to promote, retaliation for discrimination complaint, and constructive discharge do not state more than an employment discrimina-

tion claim and are therefore not separately actionable. *Id.* at 814–15. Accordingly, we hold that, because the conduct alleged in Brock's complaint is highly personal violation beyond the meaning of discrimination, the complaint states a claim that is separately actionable under the FTCA. *See Arnold*, 816 F.2d at 1311; *Otto*, 781 F.2d at 756–57.

Any contrary result would contravene the basic purposes of Title VII. For example, under a contrary rule, a federal employee whose claim involved an assault that was not precipitated because of her gender—and therefore was not also sexual discrimination—would be able to sue under the FTCA. Meanwhile, a federal employee who was assaulted because of her gender would not be able to bring suit under the FTCA because that employee's assault would also be sexual discrimination, and thus precluded by Title VII. As a result, for cases in which the United States negligently supervised, it could escape liability for damages if the misconduct at issue was *both* assaultive and discriminatory, but not if it was *solely* assaultive. This result would turn Title VII on its head.[2]

## B. Claims Based on Coworkers' Conduct

■ The government also asserts that the court properly granted its motion to dismiss Brock's claim of retaliation, which was based on her coworkers' conduct. As in *Nolan*, the alleged conduct states no more than an employment discrimination claim and thus is not separately actionable. *See Nolan*, 686 F.2d at 814–15. The court properly dismissed that claim.[3]

## III.

■ The Government argues in the alternative that if Brock's claims are not preclud-

ed by Title VII, they are preempted by the Civil Service Reform Act (CSRA). The CSRA provides a remedial scheme through which federal employees can challenge "prohibited personnel practices." 5 U.S.C. § 2302 (West 1992). The CSRA defines "prohibited personnel practices" as any "personnel action" taken for an improper motive, such as sexual discrimination, by someone who has such authority. *See id.* at § 2302(b) (delineating other improper motives). In turn, "personnel action" is defined to include any appointment, promotion, disciplinary or corrective action, detail, transfer, or reassignment, reinstatement, restoration, reemployment, performance evaluation, decision concerning pay or benefits and the like, decision to order psychiatric examination, or any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A)(i)–(xi).

McKinney's rape and continued physical sexual abuse of Brock fits no category of personnel actions listed in § 2302(a)(2). Her FTCA claims are therefore not preempted by the CSRA.

The Government attempts to avoid this result by citing many of our previous holdings pertaining to the broad purpose and preemptive effect of the CSRA. *See, e.g., Rivera v. United States*, 924 F.2d 948, 951 (9th Cir.1991) ("To permit FTCA claims to supplant the CSRA's remedial scheme certainly would defeat that purpose."); *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir.1985) ("[I]n enacting the 'CSRA' Congress meant to limit remedies of federal employees bringing claims closely intertwined with their conditions of employment to those remedies provided in the statute."). Both *Rivera* and *Lehman* are distinguishable because the con-

---

**2.** It is worth noting that Title VII's limited remedies provide Brock's incentive to maintain a separate action. At the time her law suit was filed, victims of sex discrimination could not receive compensatory or punitive damages under Title VII and regularly turned to common law tort claims. Jane Byeff Korn, *The Fungible Woman and Other Myths of Sexual Harassment*, 67 Tul. L.Rev. 1363, 1378 (1993).

Brock notes that after her suit was filed, Title VII was amended to provide for compensatory and punitive damages in the case of intentional discrimination. *See* 42 U.S.C. § 1981(a). While

this change in Title VII remedies may affect plaintiffs' motivations for bringing FTCA claims, it does not affect our analysis about the availability of such claims.

**3.** We note that in addition pursuing a Title VII claim based on her coworkers' retaliatory conduct, Brock could have sought relief under the Civil Service Reform Act, Pub.L. 95–454 (codified as amended at scattered sections of 5 U.S.C.) (CSRA) for their conduct. *See Washington v. Garrett*, 10 F.3d 1421, 1435 (9th Cir.1993).

duct in those cases, unlike the conduct alleged by Brock, was within the scope of personnel actions prohibited by the CSRA.

The CSRA is the exclusive remedy for all prohibited personnel actions. *Veit v. Heckler,* 746 F.2d 508, 510 (9th Cir.1984). We do not suggest by our holding today that the CSRA could not preempt a sexual discrimination claim, if that claim was predicated on a prohibited personnel action. *See, e.g., Lehman,* 779 F.2d at 527 (CSRA preempts when discriminatory conduct was limited to lack of training, obstruction of her ability to compete, and interference with the merit system). We hold that, because the alleged rape and physical abuse does not involve personnel actions and was not perpetrated with respect to the supervisor's authority, the CSRA does not preempt Brock's FTCA claim.

### IV.

The Government's final contention[4] is that Brock's claims based on McKinney's assaults are barred by the "assault and battery" exception to the FTCA under 28 U.S.C. § 2680(h). In support of this contention, the Government cites Justice Kennedy's concurrence in *Sheridan v. United States,* 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988). In his concurrence, Justice Kennedy suggested that the Court should have held that § 2680(h)'s exception bars suits based on negligent supervision of government employees. *Id.* at 406–07, 108 S.Ct. at 2458 (Kennedy, J., concurring). Although Justice Kennedy would have preferred that the Court address this issue, the Court *expressly* declined "to consider whether negligent hiring, negligent supervision, or negligent training could provide the basis for liability under the FTCA for a foreseeable assault and battery by a Government employee." *Id.* at 403 n. 8, 108 S.Ct. at 2456 n. 8.

By contrast, the Ninth Circuit has specifically addressed this issue and held that the assault and battery exception does not immunize the Government from liability for negligently hiring and supervising an employee. *Bennett v. United States,* 803 F.2d 1502, 1504 (9th Cir.1986). The Government claims that the facts of *Bennett* did not arise in the federal employment context and is not applicable because "it was the negligence of other government employees who permitted a foreseeable assault to occur that was the basis for finding that the United States was liable...." In *Bennett,* the assault and battery at issue was committed by a federal employee. *Id.* at 1503. The *Bennett* court implicitly rejected the distinction raised by Justice Kennedy's concurrence, finding that it would be irrational to allow the Government immunity for negligent supervision of employees, but deny it immunity for negligent supervision of nonemployees. *Id.* at 1504. *Bennett* controls, and the assault and battery exception to the FTCA does not bar Brock's claims.

### V.

Brock's complaint states viable claims under the FTCA for negligent supervision of McKinney. Accordingly, we REVERSE the district court's order of dismissal with regard to Brock's claims involving McKinney's conduct and REMAND for further proceedings. We AFFIRM dismissal of Brock's claims predicated on her co-workers' harassment.

---

4. Although the issue was not raised in the briefs on appeal, at oral argument the Government contended that even if Brock's complaint states viable claims, those claims are barred by the statute of limitations. We decline to exercise our discretion to reach this issue since doing so would not expedite our decision. *See* Fed. R.App.P. 2.