73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sterling DAVIS, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary, Department of the Army; Paul
E. Menoher, USAISC; Peter A. Kind; Alonzo E. Short; T.D.
Rodgers; John A. Hedrick; John M. Watkins, Jr.; William
V. Graves; Arthur M. Askew, III; Preston W. Holtry; Roy
G. Lawrence; Harry S. Stacy; Charles A. Hoehn; Lawrence
E. Cork; George Allen; Laverne Jenkins; Richard Sroka;
Kathy Evans; Delio G. Colonna; George W. Reyes, USAISC;
Williams W. Haines, USACARA-WE; William S. Stronjny,
USACARA-WE; Robert L. Noiseau, EEOC-PDO, Defendants-Appellees.
 No. 94-16842.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former federal employee Sterling Davis appeals pro se the district court's orders: (1) dismissing his action against the Secretary of the Army and others alleging that he was improperly terminated from the civil service; (2) denying his motion for appointment of counsel under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5(f)(1)(B) ("Title VII"); and (3) denying his motions for judgment by default. Davis also contends that the district court erred by failing to issue a subpoena for requested employment documents. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Davis, an African-American male, worked as an electronics engineer at Fort Huachuca Army Base, Arizona. In 1988, the Army revoked Davis's security clearance based on his apprehension by military police. On October 23, 1989, the Army proposed to remove Davis from civil service due to the revocation of his security clearance. Davis was terminated from federal service on December 1, 1989, and he filed this action in district court on August 3, 1992.
 
 A. Improper Termination
 
 4
 Davis alleged in his complaint that the Army improperly dismissed him from federal civil service without providing him with a pre-termination hearing. The district court dismissed Davis's constitutional claim as precluded by the Civil Service Reform Act of 1978 ("CSRA") (codified as amended in scattered sections of 5 U.S.C.).
 
 
 5
 We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6). See Brock v. United States, 64 F.3d 1421, 1422 (9th Cir.1995).
 
 
 6
 The CSRA provides a remedial scheme allowing federal employees to challenge prohibited personnel practices by their supervisors. See 5 U.S.C. Sec. 2302; Bush v. Lucas, 462 U.S. 367, 385-86 (1983); Saul v. United States, 928 F.2d 829, 833 (9th Cir.1991). Prohibited personnel practices include personnel actions that violate the constitutional and privacy rights of employees. See Saul, 928 F.2d at 834.
 
 
 7
 Davis's claim of unlawful termination from civil service constitutes an allegation of prohibited personnel practices and therefore is cognizable under the CSRA's administrative scheme. Accordingly, Davis's constitutional tort claim is precluded by the CSRA, see Bush, 462 U.S. at 368; Saul, 928 F.2d at 840, and the district court properly dismissed the claim without leave to amend, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).[1]
 
 
 8
 To the extent that Davis appeals the dismissal of his employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., the district court correctly found that Davis failed to exhaust his administrative remedies.[2] See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Vinieratos v. United States, 939 F.2d 762, 767-68 (9th Cir.1991).
 
 B. Appointment of Counsel
 
 9
 We review the district court's denial of a request for appointment of counsel under 28 U.S.C. Sec. 1915(d) and Title VII for abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (28 U.S.C. Sec. 1915(d)); Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981) (Title VII). Appointment of counsel under Title VII is limited to cases where a plaintiff demonstrates an inability to pay for private counsel, that past attempts to locate counsel have failed, and that the claims presented have some merit. See Bradshaw, 662 F.2d at 1318. Appointment of counsel pursuant to Sec. 1915(d) is limited to cases presenting exceptional circumstances. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980) (per curiam). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of petitioner to articulate his claim in light of the complexity involved. See Terrell, 935 F.2d at 1017.
 
 
 10
 Here, the district court denied Davis's request for appointment of counsel pursuant to Sec. 1915(d), finding a lack of exceptional circumstances. The district court's failure to rule on Davis's request for appointment of counsel under Title VII, however, was an abuse of discretion. See Miles v. Department of the Army, 881 F.2d 777, 784 (9th Cir.1989) (finding abuse of discretion where district court failed to rule on request for counsel). Nevertheless, we find that the district court's error was harmless given the jurisdictional defects of Davis's action, and the district court's finding that he had little likelihood of success on the merits. See Ivey v. Board of Regents, 673 F.2d 266, 269 (1982) (affirming unexplained denial of appointment of counsel where reasons were clear from the record).
 
 C. Default Judgment
 
 11
 Davis contends that the district court erred by denying his multiple motions for judgment by default.
 
 
 12
 We review for abuse of discretion the district court's denial of a request for a default judgment. See Aldabe, 616 F.2d at 1092-93.
 
 
 13
 Here, the district court found that judgment by default was not warranted because Davis failed to comply with the procedural requirements set forth in Fed.R.Civ.P. 55(a). Moreover, the district court found that Davis did not set forth sufficient evidence to establish a right to relief against the United States pursuant to Fed.R.Civ.P. 55(e). Accordingly, we cannot say that the district court abused its discretion by denying Davis's requests for judgment by default. See id.
 
 D. Request for Subpoena
 
 14
 Davis contends that the district court erred by failing to issue a subpoena for his "civilian personnel, EEO/EEOC, and security files," claiming that the "records would show continual violations of regulations and rights of appellant."
 
 
 15
 We review discovery rulings for abuse of discretion. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Because there is no evidence in the record that Davis complied with the requirements of Fed.R.Civ.P. 45(a) regarding the issuance of subpoenas, we cannot say that the district court abused its discretion by failing to subpoena the requested records. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Davis's motions to file a late reply brief, supplemental excerpts of record, and an addendum to his reply brief are granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly dismissed Davis's common law tort claims for wrongful discharge, libel and slander, as preempted by the CSRA. See Saul, 928 F.2d at 843
 
 
 [2]
 Davis discussed his proposed termination from civil service during his final Equal Employment Opportunity ("EEO") interview on November 9, 1989. Davis filed a formal complaint of discrimination on November 17, 1989, which did not mention his proposed termination from the civil service. Davis did not file a formal complaint regarding his termination until March 7, 1991, over sixteen months after his final interview. See 29 C.F.R. Sec. 1613.213(a) (1995) (requiring complainant to file formal discrimination complaint within 15 days of the final EEO interview)
 Although the court considered materials outside of the pleadings to determine whether Davis exhausted his administrative remedies, dismissal under Fed.R.Civ.P. 12(b)(6) was appropriate. See Ritza v. International Longshoremen's & Warehousmen's Union, 837 F.2d 365, 368-69 (9th Cir.1988) (per curiam) (noting that matters of abatement are properly adjudicated on a motion to dismiss).