129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos TAMAYO, Jr., Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF LABOR, Lynn Martin, Secretary of Labor;
Cari Dominguez, Director OFCCP; Leonard Biermann, Deputy
Director OFCCP; Local 2336 AFGE, Sue Peet, X-President,
AFGE Local 2336; Arnold Kellar, X-Union Steward and Current
President AFGE Local 2336, Defendants-Appellees.
 
 No. 96-35306.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 Appeal from the United States District Court for the District of Oregon, No. CV-96-35306; Ancer L. Haggerty, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Tamayo appeals pro se the district court's summary judgment in favor of his former employer, the Department of Labor, and individual Department employees (collectively "the federal defendants") and American Federation of Government Employees Local 2336 and individual union officials (collectively, "the union defendants") in Tamayo's action alleging discrimination on the basis of his race and national origin and retaliation for his engagement in protected activities. We affirm.
 
 
 3
 * Tamayo first asserts that the district court erred in dismissing all federal defendants that he sued individually and all of his non-Title VII claims against the Department of Labor. We disagree.
 
 
 4
 Title VII provides the exclusive federal jurisdiction for claims of discrimination in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 828-29 (1976); see also White v. General Servs. Admin., 652 F.2d 913, 917 (9th Cir.1981) (holding that Title VII is the sole remedy for a race discrimination claim by a federal employee). Nearly all of the claims in Tamayo's complaint concern alleged employment discrimination based on Tamayo's race and national origin and retaliation for his engagement in protected EEO activities. Like his claims of discrimination based on race and national origin, Tamayo's claims of retaliation for engaging in protected EEO activities arise under Title VII as a form of employment discrimination. See Washington v. Garrett, 10 F.3d 1421, 1435 (9th Cir.1994). Tamayo's other statutory and constitutional claims are preempted by Title VII to the extent that they are premised on these discriminatory and retaliatory acts, see Brown, 425 U.S. at 828-29, and the district court did not err in dismissing Tamayo's non-Title VII claims.
 
 
 5
 The district court also properly dismissed Tamayo's Title VII and Bivens claims against the federal defendants other than the Department of Labor. Under Title VII, there is no personal liability for employees, including Tamayo's direct supervisors. See Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir.1995); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.1993). Because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, Tamayo's Bivens claims are precluded. See Moore v. Glickman, 113 F.3d 988, 991-92 (9th Cir.1997); Brazil v. United States Dept. of Navy, 66 F.3d 193, 197-98 (9th Cir.1995).
 
 
 6
 Tamayo appears to allege employment discrimination and retaliation stemming not only from his national origin and engagement in protected EEO activities, but also from his disclosure of practices and procedures in the Portland office that he believed violated federal law and represented gross mismanagement. Because these allegations relate to or arise out of personnel actions that violate the merit system principles of the Civil Service Reform Act ("CSRA"), Tamayo's claims are preempted by the CSRA insofar as they fall outside of Title VII preemption. See Brock v. United States, 64 F.3d 1421, 1425 (9th Cir.1995); Saul v. United States, 928 F.2d 829, 835-43 (9th Cir.1991).[1]
 
 II
 
 7
 Tamayo next contends that the district court erred in granting appellee Secretary of Labor's motions for partial and full summary judgment on the Title VII claims. We hold that the district court properly granted appellee's motion for partial summary judgment on the Title VII claims and, after instructing Tamayo to file a plain statement regarding any remaining claims, properly granted full summary judgment.
 
 
 8
 Tamayo's burden on summary judgment was "to establish a prima facie case and, once the employer articulated a legitimate, nondiscriminatory reason for its actions, to raise a genuine factual issue as to whether the articulated reason was pretextual." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991). Appellee's first motion for summary judgment addressed five claims of discrimination distilled from Tamayo's complaint, including discrimination in the decisions not to reimburse Tamayo for his relocation, not to extend his temporary supervisory appointment, to issue a memorandum of administrative concern and a counseling memorandum critical of Tamayo, and to rate only one element of Tamayo's performance appraisal. Appellee offered nondiscriminatory reasons for each of the challenged actions, and Tamayo responded only with general allegations of discriminatory motive and assertions that his supervisors did not have to take the actions that they took.
 
 
 9
 A Title VII plaintiff cannot rely on such generalizations to raise a genuine issue of fact as to pretext, but must instead produce evidence of facts that either directly show a discriminatory motive or show that appellee's explanation for its employment actions were not credible. See Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995). Because Tamayo alleged no more than the minimum necessary to create a presumption of discrimination and raised no genuine factual issue as to whether appellee's articulated reasons for the employment actions were pretextual, the district court properly granted appellee's motion for partial summary judgment. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1996); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-90 (9th Cir.1994).[2]
 
 
 10
 After the district court granted partial summary judgment on the Title VII claims, the court ordered Tamayo to file a plain statement regarding each of his remaining claims that complied with Rule 8 of the Federal Rules of Civil Procedure. Tamayo's amended complaint set out fifty-three paragraphs of conclusory factual allegations regarding "nuisances" Tamayo claimed to have encountered during his employment. Appellee's subsequent motion for full summary judgment and accompanying declarations provided nondiscriminatory explanations for the alleged nuisances, and these Explanations went uncontradicted by Tamayo. Tamayo adduced no evidence to show that the explanations were pretextual or that appellee retaliated against him for engaging in protected activities. Because Tamayo failed to raise a genuine factual issue as to any of his remaining claims, the district court properly granted appellee's motion for full summary judgment. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 III
 
 11
 Tamayo also argues that the district court erred in extending the time to file dispositive motions and in refusing Tamayo's request to take videotaped depositions. We hold that the district court did not abuse its discretion in granting an extension of time or denying Tamayo's discovery request.
 
 
 12
 The decision to grant or deny a continuance is in the sound discretion of the trial court and will not be overturned except upon a showing of clear abuse. See Woods v. Saturn Distrib. Corp., 78 F.3d 424, 427 (9th Cir ), cert. dismissed, 117 S.Ct. 30 (1996). A showing of abuse of discretion depends on the facts of each case. See Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd., 74 F.3d 972, 976 (9th Cir.1996). Tamayo has not established that the district court's extension of the time for filing of dispositive motions from December 23, 1994, to August 31, 1995, amounted to an abuse of discretion. Moreover, the extension appears to have been necessitated, at least in part, by Tamayo's own delay in serving a proposed pretrial order in this case. Accordingly, we hold that the district court did not abuse its discretion in granting the continuance.
 
 
 13
 We review the district court's rulings concerning discovery for an abuse of discretion. See Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir.1996). Although the taking of videotaped depositions is not uncommon in appropriate situations, we recognize the district court's discretion in allowing or disallowing the taking of videotaped depositions requested by a plaintiff. Tamayo chose not to pursue interrogatories to the Secretary of Labor after his first set of interrogatories to the dismissed federal defendants became moot, and he instead attempted to videotape more than thirty depositions, including the current and former Secretaries of Labor. Moreover, the district court found that Tamayo failed to cooperate with appellee's counsel on various discovery issues. Finally, the district court did grant Tamayo's request to extend the time for discovery. Under the facts of this case, the district court acted within its discretion in denying Tamayo's motion for vldeotaping.
 
 IV
 
 14
 We also reject Tamayo's argument that the district court erred in dismissing Tamayo's claims against the union and its officers. The district court properly determined that it lacked subject matter jurisdiction to adjudicate these claims.
 
 
 15
 We agree with the district court that Tamayo's claims against the union defendants essentially alleged breaches of the union's duty of fair representation, a matter within the exclusive jurisdiction the Federal Labor Relations Authority ("FLRA"). See Karahalios v. National Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 529 (1989); see also United States Marshals Serv. v. Federal Labor Relations Auth., 708 F.2d 1417, 1421 (9th Cir.1983) ("[A] party by an artful course of pleadings may not avoid the jurisdiction of the Authority under the Act."); Columbia Power Trades Council v. United States Dep't of Energy, 671 F.2d 325, 327 (9th Cir.1982) ("[T]he Authority possesses exclusive jurisdiction over federal labor relations matters."). The federal judiciary's role is strictly limited to three instances, none of which apply in the present case: an aggrieved party may request review of "final" FLRA orders in the court of appeals; the FLRA may petition a court of appeals for enforcement of its orders; and the FLRA may seek an injunction in district court after issuing a complaint. See 5 U.S.C. § 7123; Karahalios, 489 U.S. at 532.
 
 
 16
 We need not reach the issue of whether Tamayo's claims are also covered by Title VII and, if so, whether they still fall within the exclusive jurisdiction of the FLRA. Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit. See Brown, 425 U.S. at 832; Vinieratos v. United States Dept. of Air Force, 939 F.2d 762, 767 (9th Cir.1991). Because Tamayo filed an informal EEO complaint against the union but did not subsequently follow EEOC administrative procedures, he has not exhausted his administrative remedies as required under Title VII. See Vinieratos, 939 F.2d at 768-69. Tamayo's claims against the union defendants would thus fail even if Title VII were applicable. See id. at 772.
 
 V
 
 17
 Finally, we hold that the district court properly dismissed Tamayo's claims against Peet and Keller. Union agents are not personally liable to private-sector employees for acts performed on the union's behalf in discharging their statutory duties, including the duty of fair representation. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962); Evangelista v. Inlandboatmen's Union of the Pacific, 777 F.2d 1390, 1400 (9th Cir.1935). Because the statutory scheme establishing FLRA jurisdiction, like that establishing NLRB jurisdiction, was intended to create exclusive jurisdiction over unfair labor practice claims, it follows that the immunity rule is no different in the public-sector employment context. Tamayo's claims against Peet and Keller concern representational failures, and the immunity established by Atkinson and later cases is fully applicable.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Tamayo alleges that his supervisors were not acting in their official capacities when they engaged in certain of the discriminatory and retaliatory acts, all of the conduct alleged in Tamayo's complaint arose out of the employment context, and therefore the claims against his supervisors were properly dismissed. See Saul, 928 F.2d at 831, 840; Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990)
 
 
 [2]
 Summary judgment was also appropriate on Tamayo's claims that appellee retaliated against him for his EEO activities as Tamayo failed to establish a prima facie case of retaliation. See Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987)