141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amy GILLIGAN, by her guardian ad litem Bernadette Tasker;
Joseph Buckley, by his guardian ad litem
Bernadette Tasker, Plaintiffs-Appellees,
v.
United States of America, Defendant-Appellant.
 No. 96-56723.
D.C. No. CV-92-00633-GT.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1998.
Decided Mar. 25, 1998.
 
 Appeal from the United States District Court for the Southern District of California Gordon Thompson, Jr., District Judge, Presiding.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's judgment in favor of the plaintiffs in their action seeking damages for wrongful death and personal injury under the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. Negligent Supervision[1]
 
 3
 The discretionary function exception does not bar this claim. The plaintiffs alleged that Carl Hutchinson, the designated dispatcher with sole authorization to enter the arms room unaccompanied, violated clear Navy regulations on arms, ammunition, and explosives and other base regulations when he gave Shipman the keys to the arms room and allowed him to check out ammunition and weaponry for himself and Bryan Pettengill. The Supreme Court has explained that:
 
 
 4
 The discretionary function exception ... does not apply if the acts complained of do not involve the permissible exercise of policy discretion. Thus, if the ... policy leaves no room for an official to exercise policy judgment in performing a given act, or if the act simply does not involve the exercise of such judgment, the discretionary function exception does not bar a claim that the act was negligent or wrongful.
 
 
 5
 Berkovitz v. United States, 486 U.S. 531, 546-47, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Because Hutchinson violated clear regulations (Section 8-700(b) of OPNAV INSTRUCTION 5530.13) which accorded no discretion as to who could enter the arms room unaccompanied and check out weapons and ammunition, the allegation that such conduct amounted to negligent supervision does not implicate the discretionary function exception at all. The Government's contention does not survive the first Berkovitz hurdle that the claim must involve a decision allowing for discretion. Id. at 536 ("[A] court must first consider whether the action is a matter of choice for the acting employee."). Therefore, the district court's conclusion that the discretionary function exception does not bar the plaintiffs' negligent supervision claim was correct.[2]
 
 B. Causation
 
 6
 In California, the law of causation turns on the "substantial factor" test, not the "but for" test. Mitchell v. Gonzales, 54 Cal.3d 1041, 1 Cal.Rptr.2d 913, 819 P.2d 872, 878 (Cal.1991). Therefore, the cause in fact of the injury must be "a cause which is a substantial factor in bringing about" the injury. Id. at 873 n. 2 (quoting BAJI No. 3.76, California's instruction on causation).
 
 
 7
 The Government primarily objects to the district court's conclusion that Shipman's unsupervised access to the arms room "gave Shipman the last little piece of confidence he needed to slip away undetected." The Government claims that there is no evidence in the record to support the district court's inference regarding Shipman's mental state. Fact-finders, however, must make such inferences of mental state from objectively observable conduct all the time. If a person's mental state could only be determined by the individual's testimony or a psychiatric examination, as the Government seems to suggest, the deck would indeed be stacked against plaintiffs in all cases. That is not the law.
 
 
 8
 In this case, the district court found that base regulations were violated, allowing Shipman unauthorized and unaccompanied access to the arms room for the purpose of checking out ammunition and weaponry for himself and a new member of the base's security unit. While in the arms room, Shipman switched weapons with Pettengill, an event made possible by Shipman's unauthorized access to the weaponry. So far as the record reflects, this was the first time Shipman had been armed with a weapon that was not designated to him. From all of this evidence, the district court, as the factfinder in this case, could and did draw the reasonable inference that the unauthorized and unsupervised access to the arms room and the weapons switch was the opportunity which Shipman took advantage of to commit the murder of Terese Buckley. Therefore, the district court did not err in concluding that Shipman's unauthorized and unaccompanied access to the arms room was the proximate cause of the plaintiffs' injuries.
 
 
 9
 AFFIRMED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm the district court's judgment on the negligent supervision claim, we decline to discuss whether the discretionary function exception to the FTCA's waiver of sovereign immunity bars the plaintiffs' claims for negligent selection and negligent entrustment of a weapon
 
 
 [2]
 The district court was also correct that the assault and battery exception does not bar the plaintiffs' negligent supervision claim. See Senger v. United States, 103 F.3d 1437, 1440-42 (9th Cir.1996); Brock v. United States, 64 F.3d 1421, 1425 (9th Cir.1995). The Government's argument that these cases turned on the existence of a special relationship between the Government and the victim of the intentional tort is incorrect. No such relationship is required to maintain a claim of negligent supervision