142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos TAMAYO, Jr., Plaintiff-Appellant,
v.
U.S. Department of Labor; Robert Reich, Defendants-Appellees.
 No. 97-35045.
D.C. No. CV-94-00105-HA.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Tamayo, Jr. appeals pro se the district court's summary judgment in favor of the Department of Labor in Tamayo's employment discrimination and retaliation action. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment and the interpretation of a statute de novo. See Forest Guardians v. Dombeck, 131 F.3d 1309, 1311 (9th Cir.1997) (per curiam). We affirm.
 
 
 3
 The district court did not err by dismissing as preempted the non-Title VII claims in Tamayo's third amended complaint, because Title VII provides the exclusive judicial remedy for federal employment discrimination. See Brown v. General Servs. Admin., 425 U.S. 820, 828-29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir.1981).[1]
 
 
 4
 Assuming that Tamayo established a prima facie case of discrimination and retaliation, he failed to present evidence raising a material question of fact as to whether the Department's legitimate, nondiscriminatory reasons for the employment actions were pretextual. Accordingly, the district court properly granted summary judgment to the Department. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918-20 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997); Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109-11 (9th Cir.1991).
 
 
 5
 To the extent Tamayo's claims arise from personnel actions, they are preempted by the Civil Service Reform Act, 5 U.S.C. § 2302. See Brock v. United States, 64 F.3d 1421, 1424-25 (9th Cir.1995) (stating that the CSRA is the exclusive remedy for prohibited personnel actions).
 
 
 6
 The district court did not abuse its discretion by denying Tamayo's discovery requests. See Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir.1996).[2]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Tamayo waived his contentions regarding the District Court's August 2, 1994 order dismissing the individual federal defendants and nonemployment related claims from his amended complaint, because he did not reallege them in his third amended complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1473-74 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997); Marx v. Loral Corp., 87 F.3d 1049, 1055-56 (9th Cir.1996)
 
 
 [2]
 We reject Tamayo's remaining contentions because they lack merit