**Percy J. HOGAN, Plaintiff–Appellant,**

v.

**Marvin J. RUNYON, Postmaster General; et al., Defendants–Appellees.**

**No. 00–16479.**

**D.C. No. CV–96–01189–WGY.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.[*]

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Hogan's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Percy J. Hogan, a former employee of the United States Postal Service, appeals pro se the district court's judgment, pursuant to dismissal orders and partial summary judgment, in favor of defendants in his racial discrimination action, pursuant to 42 U.S.C. § 2000e–16, 42 U.S.C. § 1983, and his private right of action for emotion-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

al distress and punitive damages. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

■ Because Hogan failed to provide evidence establishing that similarly situated employees were not treated equally, *see Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and because Hogan failed to provide evidence of racial hostility that was sufficiently severe and pervasive to alter his working conditions, *see Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), we affirm the district court's grant of defendants' first motion for partial summary judgment.

■ Because Hogan's evidence that he was qualified for the letter carrier position is based only on his conclusory statements, *see Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir.1988), and because Hogan failed to provide direct and substantial evidence that defendants' proffered reasons for not continuing his employment as a casual employee were pretextual, *see Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 (9th Cir.1994), we affirm the district court's grant of defendants' second motion for partial summary judgment.

■ Contrary to Hogan's contentions, the district court properly dismissed Hogan's section 1983 and tort claims because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment, and because Hogan's claims are not of the magnitude required by this court to include beyond Title VII. *See Brock v. United States*, 64 F.3d 1421, 1423–24 (9th Cir.1995).

■ The district court properly exercised its discretion by denying Hogan's motion to compel because he failed to comply with a local rule. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986). Furthermore, the district court did not abuse its discretion by denying Hogan's motions to strike defendants' motions to dismiss because Hogan failed to show prejudice or that defendants acted in bad faith. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir.1996).

■ We lack jurisdiction to review Hogan's motion for reconsideration because he failed to file a separate notice of appeal following the district court's September 14, 2000, order. *See Koch v. Hankins*, 928 F.2d 1471, 1475 (9th Cir.1991).

Hogan's remaining contentions lack merit.

**AFFIRMED.**