FILED
United States Court of Appeals
Tenth Circuit

October 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY MOBLEY,

      Plaintiff-Appellant,

v.

PATRICK R. DONAHOE, Postmaster
General United States Postal Service
(Western Area); UNITED STATES
POSTAL SERVICE; YVONNE
RODRIGUEZ; DEPARTMENT OF
LABOR; HILDA L. SOLIS; Secretary of
Labor, SUSAN DUCE; ROBIN
DARLING; NANCY RICE,

      Defendants-Appellees.

No. 12-1031
(D.C. No. 1:10-CV-02572-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

In this employment-discrimination case, Terry Mobley appeals pro se from a

district court order that dismissed his claims in part, and entered summary judgment

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against him on the remaining claims. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## BACKGROUND[1]

Mr. Mobley, an African-American, worked as a postal clerk for the U.S. Postal Service (USPS) in Denver, Colorado from 1994 to September 2007. At some point before 2007, he complained to managers of "harassment and hostile treatment because of his race and disability." Am. Compl. at 6 (Dist. Ct. Doc. #28). He also complained that "indigent black female job applicants and casual employees were accosted by white male managers with quid pro quo offers of employment, if they submitted to sexual favors." *Id.* at 4.

In response to his various complaints, his supervisor, Yvonne Rodriquez, purportedly closely scrutinized his work, refused to accommodate his unspecified disability, denied him workers' compensation benefits for unspecified injuries, and told him that an "informal EEO complaint he [had] filed against white co-workers[ ] for racial comments and threats[ ] was not going to be addressed." *Id.* at 7. Mr. Mobley further states that Rodriquez told "a managerial co-worker that blacks did not have the brains or mental capacity to do the simplest job." *Id.* In June 2007, he filed a complaint with the Equal Employment Opportunity Commission (EEOC),

---

[1]     We have attempted to piece together a coherent narrative from the allegations of Mr. Mobley's complaint. Although we must construe his pro se filings liberally, we do not serve as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

alleging "discrimination based on Race (Black), Color (Unspecified), and Retaliation (prior EEO Activity)." Motion to Dismiss, Ex. C at 1 (Dist. Ct. Doc. #42).

Not long afterward, Mr. Mobley suffered an injury at work. He claims that he was denied workers compensation coverage and had to take leave under the Family and Medical Leave Act. What followed is unclear. Mr. Mobley alleges the he was granted a transfer to Washington D.C., but he also alleges that the USPS prepared a "letter of warning," which was followed by a "letter of termination." *Id.* at 8. He then claims he received neither letter, and was constructively discharged on September 17, 2007.

In November 2007, the EEOC found no discrimination and closed his case. Mr. Mobley returned to the EEOC in December 2008 or January 2009, initiating pre-complaint processing with an EEOC counselor. And in May 2009, he filed another EEOC complaint. But it was dismissed because it was identical to his 2007 EEOC complaint and because he failed to seek EEOC counseling within 45 days of any alleged discriminatory conduct. The Office of Federal Operations upheld the dismissal, reaching only the issue of his failure to timely contact a counselor.

In April 2010, Mr. Mobley sued the USPS, the Postmaster General, supervisor Rodriquez, USPS employee Nancy Rice, the Department of Labor (DOL), the

Secretary of Labor, and DOL employees Susan Duce and Robin Darling.[2] He

advanced numerous federal constitutional and statutory claims, as well as

common-law claims, seeking compensatory and punitive damages, back pay,

reinstatement, and the "[i]mmediate remov[al]" of Rodriquez, other USPS managers,

"and any other agency official found responsible for discriminatory and retaliatory

treatment." *Id.* at 21.

The Postmaster General moved to dismiss the complaint under Fed. R. Civ. P.

12(b)(1) and 12(b)(6). Attached to the motion were records from the administrative

proceedings before the EEOC. Mr. Mobley opposed the motion to dismiss, arguing,

among other things, that because he had moved, he did not receive the EEOC's

decision denying his 2007 administrative complaint. The Postmaster General replied,

submitting three affidavits from EEOC specialists who indicated that Mr. Mobley's

mailing address was updated before the EEOC issued its 2007 decision. Mr. Mobley

filed a sur-reply.

In deciding the motion to dismiss, a magistrate judge analyzed Mr. Mobley's

claims and recommended that the motion be treated as seeking summary judgment,

and that it be granted. Specifically, the magistrate concluded that (1) as a federal

employee, Mr. Mobley's remedy for disability discrimination was confined to the

Rehabilitation Act, 29 U.S.C. § 791, and he failed to exhaust that claim by including

---

[2] The roles of Nancy Rice and the DOL defendants in the events precipitating this litigation are not clear, but they are alleged to have "cover[ed] up [Mr. Mobley's] complaints." Am. Compl. at 18 (Dist. Ct. Doc. #28).

it in a complaint before the EEOC; (2) he failed to timely file suit regarding his Title VII discrimination and hostile-work-environment claims after the EEOC denied his 2007 administrative complaint; (3) he did not exhaust his Title VII wrongful/retaliatory discharge claim because he failed to timely contact an EEOC counselor after his discharge; (4) he could sue only the head of the post office, i.e., the Postmaster General, for a Title VII violation; and (5) his remaining claims were based on the same facts as his Title VII claims, and were therefore, preempted.

The district court adopted the recommendation, but concluded that the motion to dismiss should not have been converted into a motion for summary judgment to decide that the Rehabilitation Act was the exclusive vehicle for advancing a disability claim, that Title VII pre-empts other similar claims, and that certain defendants had not been served.[3]

## DISCUSSION

### I. Rule 12(b) Dismissal

The only dismissal issue Mr. Mobley adequately raises on appeal is whether Title VII preempts his related non-Title VII claims. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the

---

[3]     The district court reviewed the recommendation de novo, despite stating that Mr. Mobley failed to timely file objections. The government admits, however, that Mr. Mobley "timely fil[ed] his objections," Resp. Br. at 29, and our independent review reveals the same, *see* Fed. R. Civ. P. 6(d) ("3 days are added after the period would otherwise expire under Rule 6(a)."); *id*. 6(a)(1)(C) ("[T]he period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

opening brief are waived."); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (noting that failure to raise issue on appeal in the opening brief is a waiver of that issue).

We review a dismissal under Rule 12(b)(1) de novo. *See Smith v. United States*, 561 F.3d 1090, 1097–98 (10th Cir. 2009). "As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental*, 428 F.3d 1285, 1292 (10th Cir. 2005). The preemptive effect of Title VII over Mr. Mobley's claims presents a facial attack, as it presents a challenge to the complaint's sufficiency, rather than "the facts upon which subject matter jurisdiction depends." *Id.*

As the district court recognized, Title VII is the exclusive remedy for Mr. Mobley's claims of discrimination and associated retaliatory conduct. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."). This precludes his claims asserted under the civil-rights statutes, *see Ford v. West*, 222 F.3d 767, 772–73 (10th Cir. 2000), and directly under the constitution, *see Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997).

Nevertheless, Mr. Mobley attempts to preserve a claim under the Federal Tort Claims Act (FTCA), stating that "[t]he district court failed to determine whether forcible rape [of African-American women] by white HR manages was within the

scope of their employment." Aplt. Opening Br. at 10. First, there is no support for this spurious allegation. Second, he appears to be arguing that preemption is not warranted where "the type of harm is highly personal." *Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995). But as the Eighth Circuit has commented, "[t]he holding in *Brock* violates the spirit of [the Supreme Court's decision in] *Brown*." *Mathis v. Henderson*, 243 F.3d 446, 451 n.9 (8th Cir. 2001). Moreover, Mr. Mobley does not contend that *he* was the victim of such a "highly personal" harm. In any event, Title VII preempts FTCA claims that are based on facts related to the plaintiff's Title VII case. *See Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004); *Mathis*, 243 F.3d at 449. Thus, all of Mr. Mobley's constitutional and common-law discrimination claims are preempted, and the district court properly dismissed them.

## II. Conversion of Motion to Dismiss

Mr. Mobley argues that the district court should not have converted the motion to dismiss into one for summary judgment to decide his Title VII claims. He contends that the conversion "essentially amount[ed] to judicial ambush," and "forc[ed] [him] to file a sur-reply." Aplt. Br. at 4. But he did not raise these arguments in his objections to the magistrate judge's recommendation. Consequently, they are waived. *See Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (concluding that an argument was waived on appeal for failure to raise it in objection to the magistrate's recommendation).

- 7 -

And even if his objections could be viewed as raising the conversion issue, the district court did not abuse its discretion. *See Geras v. Int'l Bus. Mach. Corp.*, 638 F.3d 1311, 1314 (10th Cir. 2011) (reviewing conversion for abuse of discretion). Ordinarily, the failure to exhaust a Title VII claim can be raised in a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *See Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (observing that Title VII exhaustion is jurisdictional). But a court is required to convert such a motion into one seeking summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Similarly, the failure to timely file a Title VII suit, while subject to dismissal under Rule 12(b)(6) for failure to state a claim, *see Zipes v. Trans-World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (Title VII timeliness is non-jurisdictional), must be treated as seeking summary judgment when "matters outside the pleadings are presented to and not excluded by the court," Fed. R. Civ. P. 12(d).

The district court considered matters outside Mr. Mobley's complaint to ascertain both whether his Title VII action was timely filed and whether he had exhausted his wrongful/retaliatory discharge claim. Thus, the court did not abuse its discretion in converting to summary judgment to consider those claims.

To the extent Mr. Mobley contends that he was not notified before the conversion, he was not prejudiced, as he submitted his own evidence in opposition to dismissal. *See, e.g.*, *Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004); *Arnold*

*v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986).

### III.  Rule 56 Summary Judgment

"We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court."  *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1324 (10th Cir. 2010) (quotation omitted).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether the moving party is entitled to judgment as a matter of law based on the record, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to" the nonmovant, here, Mr. Mobley. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

### A.  Timeliness of Title VII discrimination, retaliation & hostile-work-environment claims

In a Title VII case, a federal employee has 90 days from receipt of a final agency decision to file suit in district court if no administrative appeal is taken. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a).  The USPS's final decision on Mr. Mobley's June 2007 Title VII claims was issued in November 2007.  He did not appeal, and instead waited until April 2010 to file this suit.

In the district court, Mr. Mobley argued that he never received the final decision.  Although the agency's final decision bore Mr. Mobley's former Colorado address, the agency had, as the EEOC specialists' affidavits show, updated

Mr. Mobley's address to reflect his move to Virginia before the decision was mailed, and there was no indication that it had been returned for being sent to the wrong address. Further, when the EEOC dismissed Mr. Mobley's second administrative complaint in May 2009, it noted the closure of the first complaint in 2007, and it listed Mr. Mobley's Virginia address. Yet, he did not file suit even within 90 days of that decision's notice regarding his 2007 administrative complaint.

Mr. Mobley does not appear to contest these points on appeal. Thus, he has waived any challenge to the timeliness of his discrimination, retaliation, and hostile-work-environment claims. *See Alpine Bank v. Hubbell*, 555 F.3d 1097, 1109 (10th Cir. 2009) (observing that failure to advance any argument waives appellate review).

### B. Exhaustion of Title VII wrongful/retaliatory discharge claim

Before filing a formal EEOC complaint, an aggrieved employee must contact an EEOC "[c]ounselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The 45-day period can be extended under certain circumstances, such as "when the individual shows . . . that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred." *Id.* § 1614.105(a)(2).

Mr. Mobley attempts to avoid the exhaustion bar by asserting that he never received notice of his termination. But the "Notification of Personnel Action" and

"USPS Customer Support" forms that he submitted with his sur-reply brief indicate he resigned in September 2007 to deal with family issues. Attachments to Sur-Reply Br. (Dist. Ct. Doc. #53). Further, he also submitted an August 2007 email he sent to an EEOC services analyst announcing his relocation to Virginia. Consequently, he clearly was aware of his separation from USPS employment no later than September 2007, but he failed to contact an EEO counselor until December 2008 or January 2009 regarding that separation.[4] Thus, the wrongful/retaliatory discharge claim was properly rejected as non-exhausted.

---

[4] Attached to Mr. Mobley's opening brief are an "eReassign Supervisor Evaluation," an EEOC inquiry report, and a letter from Rodriquez. These documents shed no light as to the timing or circumstances of Mr. Mobley's separation from employment, and they do not alter the fact that Mr. Mobley failed to timely contact an EEOC counselor. Further, the documents were not presented in the district court proceedings, and thus, are beyond our consideration. *See* Fed. R. App. P. 10(a)(1) (stating that the record on appeal consists of the original papers and exhibits filed in the district court); *see also United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (noting that "[t]his court will not consider material outside the record before the district court" except in rare circumstances).

And Mr. Mobley's argument that "[t]he USPS failed to inform [him] of his right to appeal its decision[s] to the [Merit System Protection Board]," Aplt. Opening Br. at 15, was not raised below until his objections to the magistrate judge's recommendation. Consequently, the argument is waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Finally, we reject Mr. Mobley's invitation to hold that a Title VII action can be brought "against individual employees." Aplt. Opening Br. at 8-9. The proper defendant in a federal employee's Title VII action is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c).

The judgment of the district court is AFFIRMED.  Mr. Mobley's request for leave to proceed in forma pauperis is DENIED.

Entered for the Court


Stephen H. Anderson
Circuit Judge